BARBER ASPHALT PAVING COMPANY, Plaintiff; OSCAR HOCHLAND and JACKSON COUNTY, Respondents, v. RICHARD H. FIELD et ux., Appellants.

**Kansas City Court of Appeals, June 29, 1908.**

1. **STENOGRAPHERS: Fees: Statute.** The statute requires the taxing of a stenographer's fees in every case tried in a court having a stenographer.

2. **DEFINITIONS: Trial: Issue of Fact: Motion: Stenographer's Statute.** A trial is an examination before a competent tribunal according to the laws of the land of facts put in issue in a cause for the purpose of determining such issue; and where there is default in pleading there can be no trial within the terms of the statute requiring a stenographer's fees to be taxed; and so where on motion a judgment is rendered by the court under a stipulation there is no trial.

Appeal from Jackson Circuit Court.—*Hon. John G. Park,* Judge.

REVERSED AND REMANDED.

*R. H. Field* for appellants.

(1) Appellants direct the court's attention to the rule of strict construction of the rights of court officers to fees, in this State. Sinclair v. Railway, 74 Mo. App. 500; Lucas v. Brown, — Mo. App. ——. (2) The $3 stenographer's fee taxed in favor of Jackson county was wrong. The statute allows such fee only in a case "tried." R. S. 1899, sec. 10116; R. S. 1899, secs. 679, 690; Halsey v. Meinrath, 54 Mo. App. 336; 14 Am. and Eng. Ency. Plead. and Prac., 855.

*Charles W. German* for respondents.

(1) Confining ourselves, then, in this brief, to a discussion of the question involved herein, namely, as to the validity of the taxation or charge of $3—the contention of appellants is, as we understand it, that this item is illegal because the case was not tried within the meaning of section 10116, Revised Statutes 1899. (2) Appellants contend that this was not a trial within the meaning of this section of the statute. It therefore becomes pertinent to inquire what a trial is under the procedure in this State. R. S. 1899, sec. 690. (3) We are aware that it has been held in this State that a judgment by default is not a trial. Crossland v. Admire, 118 Mo. 87. But in the Crossland case the Supreme Court defines a trial, and the definitions therein given seem clearly to support our contention in this case. (4) The circuit court's action in sustaining the plaintiff's motion for judgment was a final disposition of the case, and was a judgment from which an appeal would lie. State ex rel. v. Railway, 149 Mo. 109; Schworer v. Christophel, 64 Mo. App. 85; Sherer

v. Akers, 74 Mo. App. 221; Breed v. Hobart, 187 Mo. 140.

BROADDUS, P. J.—This is an appeal from a judgment of the Jackson Circuit Court against defendant for certain costs. The history of the case is as follows: Previous to May 8, 1902, there was pending in the circuit court of Jackson county three suits of the Barber Asphalt Company v. Richard Field and Annie C. Field, numbered respectively 2388, 1017 and 2393. On that date a judgment had already been rendered in No. 2388, and it was agreed by the parties that defendants should appeal No. 2388, and that the other cases should abide the final result in that case and that if it was affirmed, "the judgment shall be entered by the said circuit court in said suits numbered 1017, and 2393 in favor of the plaintiff in each of said suits respectively, according to the prayer of the petition." The judgment in the case appealed was affirmed by the Supreme Court of the State and finally the Supreme Court of the United States.

On June 20, 1907, the plaintiff paving company filed a motion in this cause for judgment for the amount of the special taxbill in suit and for costs as per the said stipulations of May 8, 1902. On June 28th next following, the court made an order sustaining said motion and rendered judgment for plaintiff for the amount of said taxbill, interest and costs of the suit. Among the items of costs taxed was the sum of $5.25 for twenty-one continuances and $3 for stenographer's fee. Mr. Gorman, the county counselor in open court stated that no claim would be made for the $5.25 for the twenty-one continuances and filed a statement of the clerk of the court that that item had been abated and stricken from the judgment for costs.

The only remaining question before the court is whether the $3 item for stenographer's fee is a legiti-

mate charge of costs in the case for which the defendants are liable. Section 10116, Revised Statutes 1899, provides as follows: "In every case tried, except for the collection of delinquent or back taxes, in any circuit court or division thereof, where an official stenographer is appointed, the clerk of said court shall tax up the sum of three dollars, to be collected as other costs, and paid by said clerk into the county treasury, toward reimbursing the county for the compensation allowed such stenographer as hereinbefore provided." The claim of the defendants is that there was no such trial as the statute contemplates.

The plaintiff instead of awaiting the call of the case on the docket for trial proceeded by motion, at which time defendants objected to the hearing of the motion, and asked for a hearing on the issues raised by their answer. The court however disregarded defendants' request and proceeded to render judgment as per the stipulations. The county counselor insists that the hearing of the motion was a trial for the reason, that the court was compelled to, and did, examine the stipulations in order to ascertain the terms of the agreement and to examine the pleadings in order to ascertain the amount of the taxbill in suit, in order to render its judgment. That is to say that the court had to examine the stipulations and the pleadings in order to judicially render a correct judgment. The trial contemplated in said section 10116 is that as defined in section 690 of the statute viz.:

"A trial is the judicial examination of the issues between the parties, whether they be issues of law or fact."

The Supreme Court in construing the word trial, quoted from the definition made by the Massachusetts court and adopted by Bouvier to be, "the examination before a competent tribunal according to the laws of the land, of the facts put in issue in a cause, for the

purpose of determining such issue." And a similar quotation is made from Black's Law Dictionary. And in the application the court made, to the case under consideration it was held: "In case of default in pleading there can be no issues to be tried, and no trial can be had within the meaning of the term as give in the books and as understood by the profession." And so it is held in Breed v. Hobart, 187 Mo. 140, and other cases. In this case there was no issue to be tried. The judgment was rendered by consent or by agreement as provided in the written stipulations. Reversed and remanded. All concur.