Wilson, J.,
delivered the opinion of the court.
Clara L. Thomas, plaintiff in error, instituted suit in the district court for a divorce from defendant. Personal service of process was had, but defendant failed to answer or make any appearance, and on February 7, 1895, a decree of divorce was granted.
On the 25, day of April, following, defendant filed a peti *171 tion to vacate and set "aside the decree. On June 28, following, by permission of the court and consent of counsel, an amended petition was filed. To this, plaintiff interposed a demurrer, on the ground that it did not “state a cause of action against the plaintiff nor state’sufficient facts to entitle the defendant to a rehearing or a new trial of the above entitled cause, if true.” The 'demurrer was overruled by the court and thereupon, as it appears from the record, plaintiff elected to “ abide by her demurrer.” It was then ordered by the court that the decree be set aside.
The plaintiff brings the case here by writ of error and seeks to have this court review the order of the district court overruling the demurrer and setting aside the decree.
Plaintiff saved no exception to the order setting aside the decree, and no bill of exceptions has been filed in this court. It is decisive of the case, however, and sufficient for us to say, that neither the order, overruling the demurrer nor that setting aside the decree is such a final order, judgment or decree as can be reviewed by this court either on appeal or under writ of error. Hagerman v. Moore, 2 Colo. App. 83; Higgins v. Brown, 6 Colo. 148.
The writ, of error will be dismissed.

Dismissed.