THE STATE ex rel. ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY, v. JESSE C.. SHEPPARD, Judge of the Butler Circuit Court.

**In Banc, July 2, 1912.**

1. **DRAINAGE DISTRICT: Change of Venue.** A landowner, in a proceeding to incorporate and establish a drainage district, has the right to take a change of venue from the circuit court of the county in which the proceeding was instituted, to the circuit court of some other county in the State. He has the same right to a change of venue in such a proceeding that he has to a change of venue in any other civil action.

2. ———: ———: **Carries Entire Cause.** The granting of a change of venue, in a proceeding to incorporate and establish a drainage district, carries the entire cause to the court to which the change has been granted, and leaves no vestige of it in the court from which the change has been taken, and the latter has no jurisdiction or authority to proceed further in the case.

### Prohibition.

Writ denied.

*Robert T. Railey* and *Robert A. Anthony* for relator.

(1) The decree rendered by the Butler Circuit Court incorporating "Little River Drainage District," fixing its boundaries and its term of corporate existence, exhausted the issues set up in the "articles of association," and was a final judgment rendered in a "civil suit" from which an appeal would lie to this court. State ex rel. v. Riley, 203 Mo. 175; Land & Stock Co. v. Miller, 170 Mo. 240; Little River Drainage District v. Railroad, 236 Mo. 94; In re Drainage District v. Richardson, 227 Mo. 252. (2) The decree incorporating Little River Drainage District being a final judgment, and being fully responsive to the facts set up in the articles of association, the

prayer appended thereto as well as the authority
granted by the statutes, the power and authority
vested in the circuit court of Butler county by virtue
of the change of venue from New Madrid county be-
came *functus officio,* and it, said Butler Circuit Court,
possesses no jurisdiction over matters and causes con-
cerning said district arising after the rendering of
said decree. Art. 1, Ch. 41, R. S. 1909. (3) The act
of respondent in appointing commissioners for Little
River Drainage District, the act of such commission-
ers in viewing the lands therein and reporting to the
Butler Circuit Court, were not ancillary steps to the
action brought to incorporate the district; they were
not steps designed to carry into effect said decree,
nor were they acts designed to effectuate or change
the incorporation decree; therefore, they are not to
be treated as a part of the original cause, but separate
and distinct special statutory proceedings, and should
have been instituted in New Madrid county. Cole v.
Cole, 89 Mo. App. 228; Oglesby v. Antull, 12 Fed. 227.
(4) After the change of venue it is true that the
pleading may be amended, new parties may be brought
in, a supplemental petition may be filed, and new sum-
mons may issue, but the subject matter of the action
must remain the same or the court to which the cause
has been removed will have no jurisdiction. Sec.
1933, R. S. 1909; Fears v. Riley, 148 Mo. 49. (5) It
must be conceded that an action brought under Art.
1, Ch. 41, to incorporate a drainage district is a dis-
tinct "civil suit," and from a decree rendered in such
an action an appeal will lie, therefore, the judgment
and decree rendered is final as to that action. So a
decree and judgment confirming the report of com-
missioners under the provisions of Sec. 5518, R. S.
1909, is final. Under that section and by a decree of
the courts benefits may be fixed, damages assessed and
land and other property condemned for the purposes
of the district. The effect of such decree is to im-

pose special burdens upon individuals and corpora-
tions owning property within the district, hence the
right of appeal from a judgment and decree confirm-
ing the report of commissioners exists under the gen-
eral law whether given or not by Art. 1, Ch. 41. The
appeal lies because burdens are · imposed upon the
property of citizens. Appeals have been allowed from
judgments of the circuit court in condemnation pro-
ceedings under the charter of St. Louis notwithstand-
ing that there is no provision of the charter provid-
ing for the appeal. District v. Jamison, 176 Mo. 564;
Railroad v. Lackland, 25 Mo. 515; Railroad v. Brick
Co., 85 Mo. 323; St. Louis v. Thomas, 100 Mo. 223;
Colville v. Judy, 73 Mo. 651; State ex rel. v. Riley,
203 Mo. 175; Drainage District v. Richardson, 139
S. W. 576. (6) In the action brought to incorporate
Little River Drainage District the subject-matter was
the organization of a public corporation within bound-
ary lines embracing the lands described, as well as the
term of its corporate existence. The Butler Circuit
Court therefore had jurisdiction of the subject-matter
and to grant the relief concerning same within the
issues made. Fields v. Maloney, 78 Mo. 183; Hughes
v. McDivvitt, 102 Mo. 78; Spurlock v. Railroad, 104
Mo. 658; R. E. Co. v. Lindell, 133 Mo. 386. (7) Upon
the articles of association the court was not author-
ized to render any judgment or decree except such
as was authorized by the facts stated in the articles
and raised by the objections filed. St. Louis v. Con-
tracting Co., 210 Mo. 491; Charles v. White, 214 Mo.
187; Roden v. Helm, 192 Mo. 71; Dawkins v. Griffin,
195 Mo. 430; Schneider v. Patton, 175 Mo. 684. (8)
A judgment or decree which disposes of all the par-
ties to the action, as well as all the issues made by the
pleadings, is final. Baker v. St. Louis, 189 Mo. 375;
Imp. Co. v. Marr, 168 Mo. 252. (9) Two final judg-
ments cannot be rendered in the same cause. Warren
v. Manwarring, 173 Mo. 21. (10) After a final judg-

ment in a cause has been rendered no issue involved can be reserved for further adjudication. St. Louis v. Crow, 171 Mo. 272. (11) After the rendering of final judgment in a cause the parties are no longer in court. Smith v. Kander, 85 Mo. App. 33; Laun v. Ponath, 91 Mo. App. 271; State ex rel. v. Klein, 140 Mo. 502. (12) Special acts which authorize the taking of private property for public purposes must be strictly construed in favor of the property-owner. Bridge Co. v. Schaubacher, 49 Mo. 555; In re Bledsoe Hill, 200 Mo. 630; Tarkio v. Clark, 186 Mo. 285. (13) The circuit court of Butler county has no jurisdiction of the subject-matter, that is to say, the report of commissioners assessing damages and benefits, and taking and condemning lands for the purposes of the district; therefore it cannot be invested with jurisdiction by appearance or consent of parties. State ex rel. v. Nixon, 232 Mo. 496. (14) The Legislature, by Act 1, Ch. 41, R. S. 1909, in drainage matters arising under that article, has specially and expressly conferred jurisdiction on a certain designated circuit court located in the district. All circuit courts of the State are not invested with such jurisdiction. The jurisdiction is dependent upon the territorial location of the court, therefore, the principles announced in the following cases are applicable to the issue made by the preliminary writ. State ex rel. v. Nixon, 233 Mo. 345; State ex rel. v. Nixon, 232 Mo. 98; State ex rel. v. Nixon, 232 Mo. 496; Dennis v. Bailey, 104 Mo. App. 638; Dodson v. Scroggs, 47 Mo. 287; Smith v. Simpson, 80 Mo. 634; Tippack v. Briant, 63 Mo. 580. (15) Estoppel cannot be invoked in this case against relator. The fact that relator did not, prior to filing its exceptions in January, 1911, take legal steps to question the jurisdiction of the Butler Circuit Court, does not prevent it at this time from maintaining that said circuit court is acting without having jurisdiction of the subject-matter. McCormick v. Moore, 134 Mo.

App. 680; Rosecranz v. Swafford, 175 Mo. 520; Verdin v. St. Louis, 131 Mo. 98; Keane v. Klausman, 21 Mo. App. 485; Perkinson v. Hoolan, 182 Mo. 189; Henderson v. Koenig, 192 Mo. 690; 2 Pomeroy's Eq. Jur. (3 Ed.), Sec. 804.

*Oliver & Oliver* for respondent.

(1) In the late case of Sibbett v. Steele, this court has held that the paper "called by the statute 'articles of association' is in effect the first pleading" in a case of this kind, and that it takes the place and performs the functions of a "petition." The signers of the paper are the "plaintiffs" and those land owners who refuse to join in the formation of the drainage district are "defendants." This construction of the statute is in harmony with the former holding of this court, to the effect that the proceedings for the formation and establishment of a drainage district under this article is a "civil suit." Sibbett v. Steele, 144 S. W. 441. (2) This court has declared that the petition or articles of association for the formation of a drainage district under Art. 3, Ch. 122, R. S. 1899 (Art. 1, Ch. 41, R. S. 1909), is a "civil suit" within the meaning of Sec. 818, R. S. 1899 (Sec. 1927, R. S. 1909). It follows as a legal corollary that a change of venue, in a proceeding for the formation of a drainage district, carries with it the same jurisdiction and power that would go in any other "civil suit," where a change of venue is had. Secs. 1927, 1935, 1940, R. S. 1909; State ex rel. v. Riley, 203 Mo. 175. (3) The statute authorizing changes of venue in "civil suits" provides that the transcript of the record shall be filed by the clerk of the court to which the cause is removed, and that said cause shall "be docketed, proceeded in, and determined as if it originated" in said court. Secs. 1927 and 1935, R. S. 1909. (4) The statute further provides that "the court to which any cause

shall be transferred by change of venue shall have
jurisdiction to hear and to determine the same, and
shall proceed to final judgment and execution therein;
although such cause would not otherwise be cognizable
in such court." Sec. 831, R. S. 1899; Sec. 1940, R. S.
1909; Ex parte Haley, 99 Mo. 150; Fears v. Riley,
148 Mo. 49; McIlwrath v. Hollander, 73 Mo. 114. (5)
The uniform construction placed upon the above sec-
tions of our statute concerning changes of venue
clearly demonstrates that when the order of the cir-
cuit court of New Madrid county was made, changing
the venue of the proceedings for the formation and
establishment of the Little River Drainage District
from that county to the circuit court of Butler county,
the order of removal carried with it to the circuit
court of Butler county the whole case, and every inci-
dent belonging to it—just as if it had originated in
the Butler Circuit Court. There was not a shred or
patch of jurisdiction over the cause, or any of its
incidents left in New Madrid Circuit Court. District
v. Richardson, 237 Mo. 65; Ex parte Haley, 99 Mo.
152; Fears v. Riley, 148 Mo. 49; McIlwrath v. Hol-
lander, 73 Mo. 114. (6) The above statutes and the
construction placed upon them by this court are based
upon sound reason, convenience to the parties inter-
ested, and the welfare of the public. They are in keep-
ing with a proper regard for the dignity and author-
ity of the court that is required to take over the juris-
diction of the controversy, and to enforce and carry
out its judgment and decree. It is a maxim of our law
that a court possessing the power and jurisdiction to
hear and determine a cause—to enter up orders, judg-
ments and decrees—has, of necessity, an implied
power (if not expressly conferred) to carry out and
enforce its own orders, judgments and decrees. To
hold otherwise would cripple and destroy the purpose
for which all courts were organized. State ex rel. v.
Rombauer, 104 Mo. 632; Broom's Legal Maxims (8

Ed.), side pages 476, 486; 2 Ency. Pl. & Pr. 1082: Deaderick v. Smith, 6 Hump. (Tenn.) 138; State v. Ryno, 49 N. J. L. 603; Mellier v. Bartlett, 89 Mo. 134; Gilbert v. Renner, 95 Mo. 151. (7) The very fact that a drainage district might be formed under Art. 3, Ch. 122, R. S. 1899 (Art. 1, Ch. 41, R. S. 1909) with lands situated in different counties, and in different judicial circuits, induced the Legislature to settle the question as to which of the different circuit courts should have and retain jurisdiction for the purpose of forming and organizing a drainage district. The Legislature, therefore, directed that the circuit court of the county having the greatest acreage of lands in the district should have jurisdiction over the entire subject-matter of the proceedings, coextensive with the boundaries of the district, without regard to county lines, for all the purposes of the article under which the district was organized. The purpose of the Legislature was to avoid confusion and conflicts between circuit courts of the same judicial circuit, and to avoid conflicts between the different judicial circuits. Moreover, its purpose was to keep all the orders, judgments, decrees, records and proceedings relating to this public corporation—this agency of the State—at one place and in one court, without regard to county lines, for all the purposes for which the corporation was organized. Sec. 5597, R. S. 1909; District v. Richardson, 237 Mo. 68. (8) New Madrid county having a greater acreage of the lands described in the Little River Drainage District than did any other county, the petition or articles of association for the incorporation and establishment of the district were originally filed in the circuit court of that county. The venue in the cause was thereafter regularly changed by the order and judgment of the circuit court of New Madrid county (with the sanction and approval of this court) to the circuit court of Butler county. The latter court therefore became possessed of all the

jurisdiction that the former court possessed, just as if the proceedings had first originated in that county. Sec. 1927, 1935, 1940, R. S. 1909; District v. Richardson, 237 Mo. 65; Railroad v. District, 237 Mo. 98; Ex parte Haley, 99 Mo. 152; McIlwrath v. Hollander, 73 Mo. 114; Fears v. Riley, 148 Mo. 49.

GRAVES, J.—This is an original proceeding instituted in this court by relator, seeking to prohibit the respondent, as judge of the circuit court of Butler county, from trying exceptions to the commissioners' report filed by land owners in the case of the Little River Drainage District, assessing benefits and damages thereto by reason of the improvements to be made thereon.

We are by this proceeding called upon to reconsider the right of a property owner, in a proceeding to incorporate and establish a drainage district, to take a change of venue from the circuit court of the county where the proceeding was instituted, to the circuit court of some other county in the State; as well as to declare to what extent the change, when granted, carries the cause to the court to which the cause is sent.

In order to understand the question presented for determination, it will be necessary for us to briefly state the history of the Little River Drainage District.

In 1905 some five hundred land owners of Cape Girardeau, Scott, Stoddard, New Madrid, Dunklin and Pemiscot counties filed in the circuit court of New Madrid county a petition praying for the incorporation and establishment of the Little River Drainage District, under Art. 3, Ch. 122, R. S. 1899, and amendments thereof, to embrace something over five hundred thousand acres of swamp and overflowed lands, for the purpose of having said lands drained and protected from water and overflows.

All parties interested either signed the petition asking for the incorporation, entered their appearance in the cause, or were duly served with process as required by law.

Five railroads cross or pass over the territory sought to be drained and reclaimed, among which was the relator.

Relator and two other railroads, and sixty odd individual land owners, filed objections to the formation and organization of the district as authorized by Sec. 5499, R. S. 1909.

Louis Houck and wife were among the objectors and subsequently they filed an application for a change of venue of said cause from the circuit court of New Madrid county, because of the prejudice of the judge thereof, etc.

The petitioners for the incorporation and establishment of the district resisted the application for the change of venue, and sought by an original proceeding in this court to prohibit the judge of said court from granting said change. We denied the writ (State ex rel. v. Riley, 203 Mo. 175), and the court granted the change of venue, and sent the cause to the circuit court of Butler county.

After the cause reached Butler county the clerk of said court docketed said cause for the October term, 1907, thereof, since when said cause has been proceeded with in every respect as if it had originated therein, as provided for by Sec. 1935, R. S. 1909, which was then in force.

At said October term of said court the objections of the relator, as well as all the other objections filed, were, by the court, taken up and heard. Part of the relator's objections were overruled and part of them were sustained. The relator duly excepted to the action of the court in overruling its objections.

On November 30, 1907, during said term, said court entered its judgment and decree in said cause, incorporating the territory described in the petition into a public corporation, as provided for by said chapter under the name of the "Little River Drainage District." It was also further ordered, adjudged and decreed by the circuit court of Butler county:

"That the clerk of this court shall, within twenty days from the date of rendering this decree, prepare and transmit a certified copy of the record and decree, relating to the incorporation of the said Little River Drainage District, duly attested, to the Secretary of State of the State of Missouri; and that he shall file the same in his office in the same manner as articles of incorporation are now required to be filed under the general law concerning corporations, and that a copy of said record and decree, together with a plat of the district, shall also be filed in each of the offices of the clerks of the county courts of Cape Girardeau, Bollinger, Scott, Stoddard, New Madrid, Dunklin and Pemiscot counties, all in the State of Missouri.

"It is further ordered, adjudged and decreed that the clerk of this court shall, within thirty days from the rendering of this decree and incorporation of the Little River Drainage District, call a meeting, upon fifteen days' notice, by publication, in a newspaper as provided by law, of the owners of real estate situated, embraced and included in said drainage district, as provided by law, in some public place in such district, for the purpose of electing a board of five supervisors, to be composed of owners of real estate embraced and included in said district and residents of the counties in which such district is situated."

From that judgment, the respondent here appealed to this court, which was by this court, in Banc, affirmed. Thereupon the circuit court of Butler county ordered the clerk of said court to hold an election

.for the purpose of electing a board of five supervisors, to represent and manage said district in carrying out the purposes of the decree, and in prosecuting the work for the reclamation of the lands embraced in the district. In accordance with said order of the court, the clerk duly called the land owners of said district together at Morehouse, on the 30th day :of December, 1907, for the purpose of electing said ..supervisors. At that meeting the land owners thus called, duly elected John H. Himmelberger, A. H. Matthews, Charles W. Henderson, Alfred L. Harty and S. P. Reynolds, as such supervisors of said district. After duly organizing, said board of supervisors appointed a board of engineers and directed them to make a topographical survey of the lands located within the district, together with maps and profiles, and 'a plan for draining and reclaiming said lands, as provided for by Sec. 5511, R. S. 1909.

This board of engineers, after a year's labor, and at a cost of many thousands of dollars, surveyed and platted said lands and made a report to the board of supervisors, and submitted with it a plan for draining the lands situated in said district.

The board of supervisors, after consulting with its board of engineers, and with some of the most eminent consulting engineers of the country, did, on November 15, 1909, approve and adopt the plan so submitted to it, and caused the same to be recorded by the secretary of said board of supervisors, and designated it as the "Plan for Drainage," for said district, as provided for by Sec. 5512, R. S. 1909.

The board of supervisors, within twenty days after the adoption of said "Plan for Drainage," viz., December 3, 1909, caused its secretary to file a certified copy of said "Plan for Drainage" with the clerk of the circuit court of Butler county, as provided for by Sec. 5514, R. S. 1909.

On the last-named date said board of supervisors.
filed with the clerk of said court, a petition asking the
judge thereof to appoint three commissioners to view
the lands and property in said district and assess the
benefits and damages that would inure to the same
in consequence of said improvements, as provided for
by Sec. 5514, R. S. 1909. Within thirty days after
filing said petition, to-wit, December 23, 1909, the re-
spondent herein, as judge of said court, in vacation,
took up said petition, and after due consideration
appointed William C. Cracraft, M. O. Reed and Lu-
ther Conrad commissioners to assess said benefits and
damages to said property within said district in con-
sequence of said improvements, as provided for by
Secs. 5514 and 5516, R. S. 1909. The order appointing
said commissioners was duly filed in the office of the
clerk of said court, and said clerk duly notified said
commissioners of their appointment as such, and re-
quested them to meet at the office of the secretary
of the Little River Drainage District on January the
7th, 1910, for the purpose of qualifying and organizing
as provided for by statute. In pursuance to said no-
tice, said commissioners met at the time and places
designated, qualified and organized as required by law,
and elected William C. Cracraft chairman. The com-
missioners then entered upon the discharge of their
duties and proceeded to inspect and examine the lands
and other property located within the district, as pro-
vided for by said chapter.

In the discharge of their duties the commission-
ers were accompanied by the secretary of the board
of supervisors and by the chief engineer or one of his
assistants, during the entire time they were perform-
ing their duties. They devoted about eleven months
to this work at a cost to the district of about $75,000.
While the commissioners were examining and inspect-
ing the property of the relator, they were accompanied

by the engineers and other of its representatives who went with them over its entire property.

On December 30, 1910, the commissioners finished their labors and filed their report with the clerk of the circuit court of Butler county; that court having organized the district as provided for by Sec. 5516, R. S. 1909.

Upon the filing of said report, the clerk of said court gave notice of that fact, by causing a publication to be made once a week for three consecutive weeks in a newspaper published in each of the counties having land within said district, as provided by Sec. 5517, R. S. 1909. Within ten days thereafter, the time allowed by statute for that purpose, two hundred and fifty land owners and the said railroads, including the relator, filed exceptions to the report of the commissioners.

Said exceptions were docketed and set down for trial at the April term, 1911, of said court. At that time the relator and other exceptors appeared in court and requested that the hearing and trial of the exceptions be postponed to the succeeding term, for the reason suggested, that there was then pending in the Supreme Court an appeal from the judgment of the circuit court of Holt county, in the case of the Little Tarkio Drainage District No. 1 v. Richardson et al., 237 Mo. 49, involving a further consideration of the change of venue statute in relation to the formation of drainage districts.

Thereupon the respondent in this cause announced from the bench that the question of the change of venue in that cause had been settled by the Supreme Court in the case of State ex rel. v. Riley, supra, and that in his opinion the circuit court of Butler county was the only court that had the power or authority to appoint commissioners and to hear and determine exceptions to the report thereof, but nevertheless ordered that all exceptions to the report be continued

until the next term, awaiting the decision of this court in the case of the Little Tarkio Drainage District No. 1 v. Richardson.

Said exceptions were again set for hearing at the October term, 1911, of the circuit court of Butler county, and between the 3d day of November, 1911, and the 9th day of February, 1912, said court had heard and disposed of all the exceptions that had been filed to the commissioners' report, with the exception of some six or eight parties, including the relator herein. Some of those exceptions were tried by juries and the others by the court; all of which cost many thousands of dollars.

The owners of the land situated in said district have annually met ever. since 1907, and elected one of their number a supervisor for said district, as provided for by statute. The board of supervisors thus elected has performed all the duties and obligations imposed upon it by said chapter, and the amendments thereto, and has contracted and expended in behalf of the district for all purposes authorized by law a sum in excess of $100,000 at the time of the service of the writ of prohibition upon the respondent.

Respondent says that the district, through its board of supervisors, has made contracts and has expended said money and caused all of said work to be done in behalf of said district, "relying upon the judgment and mandate of this court in holding in the case of State ex rel. v. Riley, supra, that the formation and establishment of a drainage district under Art. 3 of Ch. 122, R. S. 1899, was a civil suit, and as such was governed by the law relative to changes of venue; and that the circuit court of Butler county became possessed of the same jurisdiction and power in all respects, after the venue had been changed to it, that the statute had originally conferred upon the circuit court of New Madrid county.

We have gathered these facts partly from the petition for the writ, and partly from the return of the respondent filed herein, and the remainder from the recital of the facts of the case as they appear from the various opinions that have been written by this court in the cause.

The writ of prohibition in the present case was issued at the request of the relator, in order that the hearing of the exceptions filed to the report of the commissioners might be postponed until this court could pass upon the question of the change of venue presented by the appeal in the case of Little River Drainage District, J. H. Himmelberger et al., appellants, v. T. E. Tomlinson et al., respondents, just decided by this court, in Banc, and reported at page 1 of this report.

After a careful consideration of this case, we are still of the opinion that a land owner in a proceeding to incorporate and establish a drainage district, is entitled to a change of venue therein, the same as he would be in any other civil suit.

After a careful consideration of the question and a most exhaustive review of the authorities, the Court in Banc, in a unanimous opinion, held in the case of State ex rel. v. Riley, supra, that a change of venue would lie in this character of cases, and we see no reason for changing our views upon that question.

We also held in the case of Little Tarkio Drainage District No. 1 v. Richardson, supra, and Little River Drainage District, J. H. Himmelberger et al. v. T. E. Tomlinson et al., supra, that the granting of a change of venue in a case of this character carried the entire cause to the court to which the change had been granted, and left no vestige of it in the court from which the change had been taken, and that the latter had no jurisdiction or authority to proceed further in the case. We still adhere to that view of the law.

We are, therefore, of the opinion that the peremptory writ of prohibition should be denied, and that the preliminary rule heretofore issued should be quashed. It is so ordered.

All concur except *Valliant, C. J.,* absent.