BERTRAM J. BUSSIERE'S ADMINISTRATOR; WILLIAM R. FOSTER, Appellant, v. T. M. SAYMAN.

In Banc, April 2, 1914.

1. **JURISDICTION: Transfer of Causes From Court of Appeals.** The Supreme Court has jurisdiction where a cause has been transferred to it by a court of appeals on the ground that its decision therein is in conflict with a prior decision of another court of appeals, although the court of appeals in the cause transferred followed the last previous ruling of the Supreme Court.

2. **APPEAL: Statutory.** Appeals are wholly statutory, and there can be no appeal unless the statute authorizes it.

3. ————: From Order Setting Aside Default Judgment. There can be no appeal from an order setting aside a default judgment, entered after default noted and inquiry as to damages had. So that where defendant was duly summoned more than thirty days before the first day of the term, but defaulted and came not, and an interlocutory judgment was entered against him and the cause continued; and at the next term the cause came on for hearing, and defendant though duly called came not, and an inquiry of damages was had and after the evidence was heard judgment for plaintiff was rendered; and thereafter and during the same term defendant appeared and by his motion in writing moved the court to set aside the judgment rendered against him, and that motion was sustained and an order made setting aside the judgment, plaintiff is not entitled to an appeal from said order. [Following Crossland v. Admire, 118 Mo. 87, and disapproving Miller v. Crawford, 140 Mo. App. 711.]

4. ————: ————: Final Judgment. The words of Sec. 2038, R. S. 1909, allowing an appeal "from any special order after final judgment in the cause," do not authorize an appeal from an order setting aside a judgment by default, because if the judgment is set aside there is no final judgment.

5. ————: ————: In Case of Personal Service: Query. The query is raised in this case as to whether Secs. 2101 and 2104, R. S. 1909 (concerning the setting aside of default judgments and the review of judgments), apply or were ever intended to apply to any defendant who was personally served, or to a defendant who appeared after substituted service, and as to whether or not they should be restricted to apply to those defendants only who are brought in by publication and do not appear at all; but the query is not answered, because its answer is not necessary to a proper decision of the case in hand.

Appeal from St. Louis City Circuit Court.—*Hon. James E. Withrow,* Judge.

APPEAL DISMISSED.

*Frank A. Habig* and *Charles A. Houts* for appellant.

*Leahy, Saunders & Barth* for respondent.

FARIS, J.—This case comes to upon the certificate of the St. Louis Court of Appeals, for the reason

that in the opinion of that court the conclusion reached by it herein, while following this court, is in conflict with the opinion of the Kansas City Court of Appeals in the case of Miller v. Crawford, 140 Mo. App. 711. The facts and the point first mooted appear from the statement of the learned judge who wrote the opinion of the court, thus:

"This is an appeal from an order of the court setting aside a final judgment by default, and the immediate question for consideration pertains to the right of appeal in such cases. The suit is on account for the reasonable value of advertising placed by defendant for plaintiff under a contract." [Apparently in the preceding clause the words "defendant" and "plaintiff" have been transposed by a typographical error. Since the rendition of the opinion herein by the St. Louis Court of Appeals plaintiff has died and the case has been properly revived in the name of his administrator.]

"It appears that defendant was duly summoned more than thirty days before to answer plaintiff's petition on the first day of the October term, 1910, but he defaulted and came not. Thereafter, and during the October term of court, to-wit, on November 25, 1910, an interlocutory judgment by default was entered against defendant and the cause continued. At and during the succeeding December term, 1910, of the court, and on the fourth day of January, 1911, the cause came on for hearing, and an inquiry of damages was had. Defendant, though duly called, came not, and after the evidence was heard, the court gave judgment for plaintiff for the sum of $3693.95. Fourteen days thereafter, and during the same, or December, 1910, term of court, and on the 18th day of January, 1911, defendant appeared and by his motion in writing moved the court to set aside the judgment rendered against him. Thereafter, on March 20, 1911, and dur-

257 Mo. 20

ing the February term, 1911, of the court, to which the motion had been continued, the motion to set aside the judgment was sustained by the court and by its order of record the final judgment entered January 4, 1911, was set aside and vacated.''

From the action of the circuit court in vacating and setting aside the judgment so by it theretofore rendered by default, plaintiff, as before said, has appealed.

I.   Some contention is urged by respondent against our jurisdiction to hear and determine this case, for the reason, as averred in the briefs, that ''the St. Louis Court of Appeals in Bussiere v. Sayman, 171 Mo. App. 11, in certifying this case to the Supreme Court, stated that it was plain that under the decision in Crossland v. Admire, 118 Mo. 87, this case was not appealable (followed in the case of Breed v. Hobart, 187 Mo. 140, l. c. 143-144), but certified it on the ground that an order of dismissal conflicted with the decision of the Kansas City Court of Appeals in Miller v. Crawford, 140 Mo. App. 711.''

Jurisdiction: Conflict in Decisions.

The point as made has some new phases, due to the fact that the St. Louis Court of Appeals held to the same views touching whether an appeal lies upon the facts here, as were held by the Kansas City Court of Appeals in the case of Miller v. Crawford, supra, but, while holding the opinion that an appeal lies, the learned judge of the St. Louis Court of Appeals felt constrained to follow the path of constitutional duty and to dismiss this appeal on the authority of Crossland v. Admire, 118 Mo. 87. However, we deem it absolutely clear, that this contention is not well taken; that under section 6 of the Amendment of 1884, to the Constitution, and under the repeated rulings of this court construing that section, this case has come to us from the St. Louis Court of Appeals, with plenary

jurisdiction to hear and determine it just "as in the case of jurisdiction obtained by ordinary appellate process." In short, we are empowered to determine it because the Court of Appeals found and adjudged that a conflict existed between the views herein expressed by them (Bussiere v. Sayman, 171 Mo. App. 11), and the opinion of the Kansas City Court of Appeals in the Miller-Crawford case, supra. The statement of the point and the facts of the case settle it, without argument. Matters and things analogous hereto and decisive hereof, are discussed in the late case of Epstein v. Pennsylvania Railroad Co., 250 Mo. l. c. 16. Since that case is recent and settles this point here against the contentions of respondent, we need not again take up space with it.

II. Another strenuous contention of respondent, to-wit, "that from an order of the court *nisi* sustaining the motion of defendant to set aside a judgment by default no appeal is given by our statute," next deserves our attention. If this contention of respondent is well taken, we must dismiss this appeal. The St. Louis Court of Appeals dismissed it as not appealable; not because in their opinion no appeal lay, but because this court in the case of Crossland v. Admire, supra, had held that no appeal lies in such case. In short, they give it as their opinion that we are in error in our holding here on this itching question, but they followed us as in duty bound. [Sec. 6, Amendment of 1884 to Constitution.]

There is no sort of doubt that the case of Miller v. Crawford, 140 Mo. App. 711, is in direct conflict with the holding of the Supreme Court in the case of Crossland v. Admire, 118 Mo. 87. Neither is there any doubt that the rulings of the appellate courts of this State are almost irreconcilable, and that the whole question is now by many diverse rulings in almost inextricable confusion. This confusion began since

the amendment of 1891 to the statute which confers the right of appeals in civil cases. In the latter year this section was so amended as to largely increase the number of interlocutory—as contradistinguished from final—orders from which in a pending case appeals might be taken. [Laws 1891, p. 70.]    Ever since 1891 (except for the amendment of 1895, conferring the right of appeal from certain interlocutory orders concerning receivers, Laws 1895, p. 91, and not pertinent to this discussion, and pertinent only as one of the reasons why this court cannot keep up with its docket), this section has read thus:

"Any party to a suit aggrieved by any judgment of any circuit court in any civil cause from which an appeal is not prohibited by the Constitution, may take his appeal to a court having appellate jurisdiction from any order granting a new trial, or in arrest of judgment, or order refusing to revoke, modify or change an interlocutory order appointing a receiver or receivers, or dissolving an injunction, or from any interlocutory judgments in actions of partition which determine the rights of the parties, or from any final judgment in the case, or from any special order after final judgment in the cause; but a failure to appeal from any action or decision of the court before final judgment shall not prejudice the right of the party so failing to have the action of the trial court reviewed on an appeal taken from the final judgment in the case.    The Supreme Court shall summarily hear and determine all appeals from orders refusing to revoke, modify or change an interlocutory order appointing a receiver or receivers, and for that purpose shall, on motion, advance the same on its docket." [R. S. 1909, sec. 2038.]

It is a minor premise to this discussion that appeals are wholly creatures of the statute, and that the right of appeal does not exist except where expressly given. This is fundamental, or if not fundamental,

well-settled. [Snoddy v. Pettis County, 45 Mo. 361; Ackerman v. Green, 201 Mo. 231; State ex rel. v. McElhinney, 241 Mo. 592; State v. Vaughn, 83 Mo. App. 457.] Clearly then unless the section above set out, by virtue of the amendments made thereto in 1891, confers the right of appeal in this sort of case at the stage attained herein when this appeal was taken, this appeal was premature and must be dismissed.

It is not necessary to here collate, or even refer to, the many early cases upon this question. But as forecast, since the amendment of 1891 caused all the trouble, we need not go beyond it; prior holdings of our courts on this point prove nothing.

The first case in this court after the statute was amended in 1891 which dealt with this matter of whether an appeal lies in this sort of case, was the case of Crossland v. Admire, 118 Mo. 87, which was decided in 1893. There the section of the statute as it now stands—so far as this question goes—was before the court, but it was ruled nevertheless, that an appeal does not lie to a plaintiff from an order of the circuit court vacating a default judgment. While the argument of the court in the opinion in that case is largely directed to the question whether such a case is appealable because it is an appeal taken from "an order granting a new trial," yet the case was upon the facts on all-fours with the instant case and it was the duty of the court to hold in judgment every point and clause of section 2038, by which jurisdiction of the appeal could be retained. We must assume, therefore, that the learned jurist who wrote the opinion of the court did so and that he looked at the matter from every angle. If we are to hold that this appeal will lie, we must overrule the Crossland-Admire case. This court assumed jurisdiction in the case of Hulbert v. Tredway, 159 Mo. 665, which was an appeal by plaintiff from an order vacating a judgment *nil dicit*, and not on default, but which is on every principle involved on all-fours with

the instant case. In that case no question whatever as to the existence of the right of appeal in plaintiff was raised, nor was the point held under judgment. The ruling in the Crossland-Admire case was followed in the case of Breed v. Hobart, 187 Mo. 140, which latter case was, however, decided correctly without any doubt, since the motion to vacate the default judgment was filed therein after the default was noted, but before an inquiry as to the damages was had, and before any final judgment was rendered. In the case of Miller v. Crawford, 140 Mo. App. 711, it is incorrectly assumed and stated that the appeals were taken in both the case of Crossland v. Admire and the Breed-Hobart case after default was noted, but before an inquiry as to damages was had or any final judgment was rendered. As to the Crossland-Admire case, the learned Kansas City Court of Appeals was in error in thus assuming. So that the Miller-Crawford case is in direct conflict with the holding of this court in the Crossland-Admire case, but not so in conflict with the Breed-Hobart case.

Learned counsel for appellant calls our attention to the cases of Bank v. Kingston, 204 Mo. 687; State ex rel. v. Riley, 219 Mo. 1. c. 695; Ewart v. Peniston, 233 Mo. 695, and Shuck v. Lawton, 249 Mo. 168, as being cases where this court assumed and held jurisdiction on appeals of the identical sort here in question and in controversy, but wherein they concede the point was not mooted or passed on. We have examined all of these cases and are wholly unable to detect in them any similitude, except by faint analogy, and by an application of a sort of *cy pres* doctrine, which doctrine in such case (and in fact always when transplanted from its usual legal habitat) is never satisfying and often dangerous. The case of Bank v. Kingston, 204 Mo. 687, was a petition in the nature of a bill in review filed by defendants *who had neither been personally served, nor appeared in the case.* For such a situation

plain statutes not involved in any wise in the instant
case would seem to be ample to afford relief.   [Secs.
2101-2104, R. S. 1909.]   Both the cases of State ex
rel. v. Riley, supra, and Shuck v. Lawton, supra, were
cases where the judgment rendered was attacked for
errors of fact, in the one case patent of record and
destroying jurisdiction (Shuck v. Lawton, supra), and
in the other for an error of fact made to appear and
supported by evidence *dehors* the record, which pro-
cedure it was said in that case (State ex rel. v. Riley,
219 Mo. l. c. 695), "is in the nature of an independent
and direct attack upon the judgment in the court com-
mitting the error."   In other words, these two cases in
a way applied our code of procedure to a condition to
which formerly the writ of error *coram nobis* was ap-
plied at common law.   The case of Ewart v. Peniston,
supra, was not a default judgment at all.   The chief
point held in it was touching the power inherent in
courts to so far retain their orders and judgments in
the breast of the court during the term at which such
orders were made, as that for good cause shown and
in the interest of right and justice the same could
be set aside by the court *sua sponte.*   With this doc-
trine, which we deem just, sane and wholesome, we
have no quarrel.

Some of the cases to which our attention has been
called, are cases where the defendants against whom
default judgments were taken, appealed, upon the re-
fusal of the court *nisi* to set aside such judgments.   It
needs no argument or discussion to demonstrate that
since a defendant, when he fails to get favorable action
on his motion to vacate a judgment by default, has
reached the last ditch, unless an appeal lies to him
the judgment as to him is absolutely a "final judg-
ment in the case" (Section 2038, supra).   Manifestly
such an appeal may be justified for several other rea-
sons; even with some degree of logic for that it is "a
special order made after *final* judgment in a case."

For there is then as to such defendant an existing final judgment to which the motion to vacate is ancillary. Whether in such case the plaintiff or the defendant prevail in the motion makes a vast difference in the result and likewise in the law, just as there is always a vast difference in the result and therefore in the law, according as the trial court may exercise or refuse to exercise the inherent power resting in it of controlling its orders and judgments during the term at which they were made.

We are led then by this discussion and examination of cases ruled and cited, back to the question of whether we should follow the case of Crossland v. Admire, 118 Mo. 87, decided by this court, or the case of Miller v. Crawford, 140 Mo. App. 611, decided by the Kansas City Court of Appeals. The Crossland-Admire case as we find is the only one in direct point where we have ruled on this identical question, and the Miller-Crawford case is likewise the only one we have found where the courts of appeals have so decided this point. The St. Louis Court of Appeals argue in their opinion in the instant case the correctness of the holding in the case of Miller v. Crawford, supra, but for the reasons already set out they do not so rule. The case of Billingham v. Miller, 115 Mo. App. 154, as to the question actually before the court and there ruled, illustrates what we suggest above as to the difference in result as well as in law, according as the court below sustains or overrules the motion to vacate. In the latter case the learned jurist who wrote the opinion of the St. Louis Court of Appeals, by way of *dictum* and *arguendo,* suggested that while no relief could, upon the facts in that case, be afforded to defendant who had appealed, yet "a party in default may obtain relief against a judgment even after it is final *if he has good grounds* and adopts the proper procedure; namely, that prescribed by section 2101 of the Revised Statutes." (Italics and change of section number

ours.)   This *dictum* was followed as a rule of decision by the Kansas City Court of Appeals in the recent case of Santa Fe Car Icing Co. v. Kemper, 166 Mo. App. 613, which latter case therefore though similar on its facts to the instant case, is not in conflict herewith, and does not follow the Miller-Crawford case, supra.   We may suggest parenthetically a query here as to whether, their history and the rulings thereon being regarded (Smoot v. Judd, 184 Mo. 508; Howard v. Scott, 225 Mo. l. c. 708), sections 2101 to 2104 do apply or were ever intended to apply to any defendant who was personally served, or to a defendant who appeared after substituted service, and whether it be not a fact that they are open to those defendants only who are brought in by publication and who do not appear in the case at all?   This query we need not and do not answer or decide, but suggest it as worthy of examination with great care in the next case in which it may be a live question.   It is not a live one in this case.

The choice being now, as our examination and discussion of all of the cases found by us or called to our attention manifestly show, between our holding in one case and that of the Kansas City Court of Appeals, likewise in one case, we ought in the interest of justice and fairness to examine and analyze the sole reason upon which, if it exists, the right of appeal here must be bottomed.   Turning to section 2038, we note that the only language upon which a doubt can hang is that found in the clause: "or from any special order after final judgment in the cause."   From this language it is urged and argued and held the right of appeal arises here.   [Miller v. Crawford, supra; Bussiere v. Sayman, supra.]   But when we carefully look to the words used is this clearly or necessarily so?   The word "special," is in its meaning and definition as found in the dictionaries, so varied, varying and "general," as that we frankly concede there is no argu-

ment to be derived from its use in the troubling clause. Is there here left any *final judgment* in the cause, when the appeal is prayed? Clearly not, because the motion being acted on favorably by the court has utterly wiped the final judgment off the record and the earth. It is not and cannot be an appeal after final judgment, because to my mind such a term could be applied only where a final judgment still existed, not a case where it utterly ceased to exist. I can readily see and appreciate the legal correctness of an appeal being permitted from a special, i. e., particular, ancillary order, made after the rendition of a final judgment which judgment still exists. Many such occur to my mind, all of which we have held are appealable, and so clearly from the right conferred by the identical language of the above clause, for there is no other language applicable, e. g., an appeal from an order made after final judgment, taxing costs (State ex rel. v. Walker, 85 Mo. App. 247); from an order made after final judgment allowing attorney's fees in a case where such fees are allowable, of which there are many; from an order setting aside a sale on execution (McAnaw v. Matthis, 129 Mo. 142); from an order assessing damages on an injunction bond after final order of dissolution thereof. [Railroad v. Sweet, 110 Mo. App. 100.] All of these are ancillary to a subsisting judgment. They are likewise indubitably included in the category of matters appealable by virtue of the clause of the section here under discussion; yet they are not germane or even more than analogous, in their nature or legal effect to the point before us. [2 Cyc. 600, note 34.]

Moreover, an appeal in such a case as the instant one at the stage the same was taken is useless and wholly unnecessary. The amendment of 1891 was itself largely useless. It made two appeals to grow in a case where but one grew before. It enabled litigants to halt a case in many instances in the middle and to come up to an appellate court merely to take the sense

of the court upon an interlocutory and indecisive point
—sometimes to halt a case many times and take many
such opinions. [See Little River Drainage District
cases: Little River Drainage District v. Tomlinson, 245
Mo. 1; Little River Drainage District v. Railroad, 236
Mo. 94; State ex rel. v. Sheppard, 245 Mo. 50; Houck
v. Little River Drainage District, 248 Mo. 373.] We
are not condemning this amendment utterly; we are
merely saying it was largely useless; there may have
been a crying evil or two corrected by it. But since the
latter fact, if it exists, is not readily discernible, and
since it is not necessary to a decision, we need not
pause here to examine if it be so. However, the sec-
tion under review may in all fairness of construction
be said to carry upon its very face and in its own lan-
guage this identical criticism of much of its contents.
For it says, *"but a failure to appeal from any action or
decision of the court before final judgment shall not
prejudice the right of the party so failing to have the
action of the trial court reviewed on an appeal taken
from the final judgment in the case."*

Not only is this rush and hurry to appeal on inde-
cisive, intermediate, or interlocutory orders unneces-
sary as a general proposition, but it was unnecessary
here in the instant case. Two remedies it would seem
were open to appellant here: (a) he might have stood
mute in a subsequent call of the case, and suffering a
dismissal thereof, have appealed (Harkness v. Jarvis,
182 Mo. 231); or (b) saving the point by a proper ex-
ception and term bill if need arose, appealed if he lost
the whole case, under ordinary rules regulating ap-
peals, and under the saving grace of the language of
the section which we emphasize above by italics. May-
hap, then, the heat and burden of appeal would have
shifted to the other side of this case though this we do
not decide.

The rule that an appeal does not lie from an order
of the trial court vacating a default judgment is gen-

eral in the several jurisdictions.   [Thomas v. Thomas, 10 Colo. App. 170; Higgins v. Brown, 6 Colo. 148; People v. Neal, 3 Ill. App. 181; Masten v. Indiana Car Co., 19 Ind. App. 633; Kermeyer v. Railroad, 18 Kan. 215; Woodcock v. Parker, 34 Me. 593; Roh v. Vitera, 38 Neb. 333; Ledbetter & Co. v. Vinton, 108 Ala. 644; Stevens v. Glover, 83 N. Y. 611; McAllister v. Kuhn, 96 U. S. 87.]   There are cases to the contrary, but so nearly unanimous is the rule against appealability, that Cyc. states that such is the rule without exception thus:

"By statute in some states special orders after final judgment, or orders on a summary application after judgment, are appealable.   But an order of the court vacating a judgment, order, or decree theretofore rendered in the cause, or refusing to vacate a judgment, order, or decree theretofore rendered, is not, as a rule, appealable.   In some states no appeal lies from an order denying a motion to set aside a default.   In other states such orders are appealable.   No appeal, however, lies from an order setting aside a judgment by default."   [2 Cyc. 600-601.]

Of course nothing is plainer than that since the right to appeal is wholly statutory, the holdings in other jurisdictions are of small value as proof of the right of the rule here urged.   But these cases from other jurisdictions are illuminating in determining the advisability and necessity of an appeal in such a case.

Having thus carefully examined the ruled cases, and the statutes relied on as creating the right of appeal, and the necessity, or lack thereof, for an appeal at such a stage, we are unable to see any sufficient reason why we should overrule the case of Crossland v. Admire, supra.   That case was ruled by a most able and painstaking jurist, but recently as the age of the law is, and at a time when the statute on this point was just as it now stands; it was so ruled without dissent, one judge absent, by the Division hearing it.   The conditions have not changed in favor of a different rule.

It may well be that since a different rule would clog the courts and hinder and delay the business thereof, that conditions have changed in favor of the rule announced in the Crossland case.   The case of Miller v. Crawford, 140 Mo. App. 711, should be followed no longer.

Since these views result in dismissing the appeal herein, we need not examine the merits.   Let the appeal be dismissed.   All concur.