BADGER LUMBER COMPANY, a Corporation, Appellant, v. LELA BOSWELL, J. W. BOSWELL, REDLON LAND COMPANY, a Corporation,. C. L. FLAUGH, Trustee and F. A. HORNAMAN,. Respondents.

**Kansas City Court of Appeals, May 18, 1914.**

**APPEAL AND ERROR: Orders Applicable: Vacating Final Default Judgment.** There is no appeal from an order vacating a final default judgment (following Bussiere's Admr. v. Sayman, 165 S. W. 796.)

Appeal from Jackson Circuit Court.—*Hon. Walter A. Powell,* Judge.

APPEAL DISMISSED.

*Botsford, Deatherage & Creason* for appellant.

(1) An appeal lies from the order setting aside the judgment. Car & Ice Co. v. Kemper, 166 Mo. App. 613; Curtis v. Bell, 131 Mo. App. 253; Miller v. Crawford, 140 Mo. App. 711; Harkness v. Jarvis, 182 Mo. 231. (2) A motion to set aside a judgment by default must state facts which show both a meritorious defense and due diligence. If it fails in either of these respects, it should be denied. Pry v. Railroad, 73 Mo. 123; Campbell v. Garton, 29 Mo. 343; Castlio v. Bishop,. 51 Mo. 162; Palmer v. Russell, 34 Mo. 476; Sec. 2104, R. S. 1909; Billingham v. Miller Co., 115 Mo. App. 154;. Hoffman v. Loudon, 96 Mo. App. 184; Lecompte v. Eash, 4 Mo. 557; Field v. Matson, 8 Mo. 686; Austin v. Nelson, 11 Mo. 193; Palmer v. Russell, 34 Mo. 476;. Robyn v. Chronicle Pub. Co., 127 Mo. 385; Gehrke v. Jod, 59 Mo. 522; Hall v. McConey, 152 Mo. App. 1; Parks v. Coyne, 156 Mo. App. 379; Bamberger v. Golden, 93 Ill. App. 452; Palmer v. Rogers, 30 N. W.

645; Welch v. Mastin, 98 Mo. App. 278. (3) Neglect of attorney to plead or appear, or mere belief that he has done so, is no cause for setting aside a judgment. Kerby v. Chadwell, 10 Mo. 392; Bosbyshell v. Summers, 40 Mo. 172; Colter v. Luke, 129 Mo. App. 707; Wilson v. Scott, 50 Mo. App. 329; Jones v. Rush, 156 Mo. l. c. 374. (4) A final judgment cannot be set aside on a petition to review, when defendant has been summoned or has appeared. Bredinger v. Taylor, 64 Mo. 63; Car v. Dawes, 46 Mo. App. 359; Byers v. Jacobs, 164 Mo. 141; Sec. 8224, R. S. 1909; Sec. 1799, R. S. 1909.

*Moore & Creel* for respondents.

(1) Where there is a proposition to compromise pending and a default taken pending such agreement, the default will be set aside. Bush Nell v. Railroad, 126 Mo. App. 63; Browning v. Roan, 9 Ark. 354; O'Fallen v. Davis, 38 Mo. 270; Spaulding v. Meier, 40 Mo. 177. (2) The setting aside of a judgment by default is addressed to the sound discretion of the trial court. Kribben v. Eckelkamp, 34 Mo. 48; Welch v. Maston, 58 Mo. App. 273; Bank v. Armstrong, 92 Mo. App. 265; Helm v. Bassett, 9 Mo. App. 55; Longdon v. Kelly, 51 Mo. App. 572; Ensor v. Smith, 57 Mo. App. 584; Harkness v. Jarvis, 110 Mo. App. 277. (3) A meritorious defense and a reasonable degree of diligence in making it are all that is necessary to establish in order to justify the setting aside of a judgment by default. Adams v. Hickman, 43 Mo. 168; Hall v. McConey, 152 Mo. App. 1; Parks v. Coyne, 156 Mo. App. 379.

TRIMBLE, J.—This case is between the same parties, arises under the same facts and is in every way similar to case No. 10985 having the same title. The lien sought to be enforced on this suit was on another house built on a lot adjoining the one in the other case. A final judgment by default having been rendered

against the defendants Boswell, they filed, at the same term, a motion to vacate said judgment which the court sustained, and plaintiff appealed.

Under the ruling of the Supreme Court in the recent case of Bussiere's Admr., v. Sayman, 165 S. W. 796, there is no appeal from such an order provided for in the statute. The appeal is, therefore, dismissed. All concur.