Helen HARPER, Appellant,

v.

Charles M. HARPER, Respondent.

No. 23983.

Kansas City Court of Appeals. Missouri.

June 1, 1964.

J. Nelson Thompson, Kansas City, for appellant.

Josephine Myers, Kansas City, for respondent.

MAUGHMER, Commissioner.

The trial court set aside plaintiff's default divorce decree and she appeals from the denial of her motion for rehearing. Respondent has not favored us with either a brief or oral argument. Appellant has not briefed the very important question as to whether or not there is here a final judgment from which an appeal lies.

On April 17, 1963, Helen Harper, plaintiff, filed her petition for divorce from defendant Charles M. Harper. On this same date she filed an "Entry of Appearance and Waiver", which was signed and sworn to by the defendant. We set out the contents:

"I, Charles M. Harper, of lawful age, having first been duly sworn on my oath, state that I am the defendant in the above cause of action now pending in the Circuit Court of Jackson

County, Missouri; that I acknowledge the receipt of the Petition for Divorce and Summons, and waive the issuance and service of Summons upon me, and I hereby voluntarily enter my appearance in the above entitled cause, and consent that this case may be set down for trial and disposition at any time that suits the convenience of the Court without further notice to me."

Thereafter the court heard the testimony of plaintiff and her two character witnesses and on June 26, 1963, entered a default decree by which plaintiff was granted a divorce and custody of the one minor child. On July 8, 1963, defendant filed a motion to set aside this default judgment. Therein he alleged facts suggesting fraud in procurement and, in addition to requesting that the decree be set aside, prayed for permission to withdraw his Entry of Appearance, and file a cross bill. Before the court took any action thereon defendant filed a second motion to set aside the judgment for want of jurisdiction, alleging the "purported entry of appearance" was signed prior to the filing of plaintiff's petition and therefore was a nullity and insufficient to confer jurisdiction. Plaintiff alleged that defendant was a resident of Kansas and asked that he be required to post bond for costs as a prerequisite to consideration of his motions.

On July 19, 1963, the court made and entered the following order:

"Now on this day come the parties in person and by their respective attorneys, and in open court plaintiff files objections to defendant's motion to set aside decree of divorce, and motion to compel defendant to post bond, and now defendant's motion to set aside decree of divorce heretofore entered is by the court heard and sustained.

"Therefore it is ordered and adjudged by the court that the decree of divorce heretofore entered be and the same is hereby set aside and for naught held". (Italics ours).

It will be noted this order did not dismiss the cause, but rather set aside the judgment and was made within 30 days after entry of the default decree. Thereafter the court allowed plaintiff, pursuant to her motion, temporary alimony and suit money. Plaintiff submitted motion for rehearing, which the court overruled. She then filed the following Notice of Appeal:

"Notice is hereby given that Helen Harper, the plaintiff above-named, hereby appeals to the Kansas City Court of Appeals from the decision of the Circuit Court of Jackson County, Missouri, at Independence in overruling Plaintiff's Motion for Rehearing * *".

■ On her appeal plaintiff cites numerous authorities and strenuously argues that in a divorce case an entry of appearance and waiver of process confers jurisdiction as to the person, even though such document was executed prior to the commencement of the suit. She also contends that when defendant filed his first motion to set aside the decree based upon fraud in procurement, he made a general appearance and it was then too late for him to appear specially to question the jurisdiction only. She urges further that since defendant was a resident of Kansas his motions were not determinable unless and until he posted bond. Plaintiff's contentions in these respects may be sound but we must first determine if an appeal lies from the trial court order setting aside the judgment, or as plaintiff stated it, from the order overruling her motion for rehearing. It is our duty to make such an inquiry sua sponte. Dotson v. E. W., Bacharach, Inc., et al., Mo., 325 S.W.2d 737.

■ It is fundamental or at least well settled that the right to appeal is purely statutory, and that the right of appeal does not exist except where expressly given. Bussiere's Adm'r. v. Sayman, 257 Mo. 303, 165 S.W. 796; 798. Section 512.020, V.A.M.S. provides in part: "Any party to a suit aggrieved by any judgment of any trial

court in any civil cause from which an appeal is not prohibited by the constitution, nor clearly limited in special statutory proceedings, may take his appeal to a court having appellate jurisdiction *from any order granting a new trial, * * * or from any final judgment* in the case or from *any special order after final judgment* in the cause; * * *". (Italics supplied).

Is there here left any *final judgment* upon which to base the appeal? Clearly not, because the motion to set aside being acted upon favorably by the court has utterly wiped the final judgment off the record and off the face of the earth. It is not and cannot be an appeal from a final judgment because such a term could only be applied where a final judgment still existed, not in a case where it had utterly ceased to exist. In this case is there an *order granting a new trial* or do we find any *special order after final judgment* from which an appeal is authorized by the statutes? We believe not.

There are numerous cases where the defendants against whom default judgments were taken, appealed, upon refusal of the trial court to set aside such judgments. In Bussiere's Adm'r. v. Sayman, supra, the plaintiff appealed from the action of the trial court in setting aside her default judgment. At page 799 of 165 S.W. of the opinion the Supreme Court en Banc, said:

"It needs no argument or discussion to demonstrate that since a defendant, when he fails to get favorable action on his motion to vacate a judgment by default, has reached the last ditch, then unless an appeal lies to him the judgment as to him is absolutely a 'final judgment in the case.' Section 2038, supra. Manifestly such an appeal may be justified for several other reasons, even with some degree of logic, for that it is 'a special order made after *final* judgment in a case.' For there is then as to such defendant an existing final judgment to which the motion to vacate is ancillary. Whether in such case the

plaintiff or the defendant prevail in the motion makes a vast difference in the result and likewise in the law, just as there is always a vast difference in the result, and therefore in the law, according as the trial court may exercise, or refuse to exercise, the inherent power resting in it of controlling its orders and judgments during the term at which they were made".

And 165 S.W. at page 800:

"The rule that an appeal does not lie from an order of the trial court vacating a default judgment is general in the several jurisdictions". (citing numerous authorities).

In Kallash v. Kuelker, Mo.App., 347 S.W. 2d 467, 471, 472, plaintiff took a default judgment for damages. Within thirty days thereafter the court, upon motion, set aside the default judgment and plaintiff appealed from the order denying "Plaintiff's Motion To Set Aside The Court's Order Vacating The Judgment heretofore entered in this action". The St. Louis Court of Appeals, in an opinion by Dew, J., former judge of this court, ruled that the "appeal is unauthorized, is premature and should be dismissed". We quote further from the opinion:

"The holding in the case of Bussiere's Adm'r v. Sayman, supra, was reaffirmed by the Supreme Court in State ex rel. Johnson et al. v. Arnold, 317 Mo. 858, 297 S.W. 59. See also Holder v. Chidister, 177 Mo.App. 415, 162 S.W. 762. The court in Carter v. Levy, Mo. App., 217 S.W. 549, in a case where plaintiff appealed from an order vacating a default judgment, dismissed the appeal as not authorized under Section 2038, RSMo 1909 (now Section 512.020) stating, on page 549:

" 'The situation is vastly different from that where the trial court has refused to vacate the judgment, and the defendant has appealed; for in those circumstances he "has reached the last

ditch" and is entitled to appeal "from any final judgment in the case, or from any special order after final judgment in the cause".'

\* \* \* \* \* \*

"Furthermore, the court in the case at bar set aside the default judgment within the thirty day period within which the law permits the court to do so for cause, and from this discretionary order the plaintiff cannot appeal, for want of a final judgment in the case." (citing authorities in support).

The same result was reached in Farrell v. DeClue et al., Mo.App., 365 S.W.2d 68, where the court held and we quote from the syllabus that "[p]roceedings culminating in a default judgment were not a 'trial,' and even though court thereafter entered an order granting a new trial, such order was not in fact one granting a new trial for purposes of appeal, but a nonappealable order setting aside a default judgment." The appeal from the order purporting to set aside the default judgment was dismissed as premature.

In Smith v. Malone, 359 S.W.2d 38, the Springfield Court of Appeals ruled that an order setting aside a default judgment and returning the case to the trial docket was not one on motion for new trial or on coram nobis and was not final and appealable.

■■ It is of course technically correct to appeal from the final judgment itself, rather than from the action of the trial court in overruling a motion for new trial or, as in this case, from the "decision \* \* in overruling plaintiff's motion for rehearing \* \* \*". However, in Weller v. Hayes Truck Lines, en Banc., 355 Mo. 695, 197 S. W.2d 657, 660, the Supreme Court construed

a "Notice of Appeal from an order overruling a motion for new trial", as an attempt in good faith to appeal from the judgment itself, and determined the appeal on its merits. We are not deciding this appeal upon any technical grounds of nonconformity with the statutory requirements for an appeal, but rather we have treated plaintiff's effort as an attempt in good faith to appeal from the result reached by the trial court. But there is no final judgment here. One was entered but it was set aside. The authorities referred to and discussed in this opinion lead directly to the conclusion that an attempted appeal from an order setting aside a default judgment is premature and is unauthorized by the statutes.

■ Furthermore, the court set aside this default judgment within thirty days after its entry, during which period the "[t]rial court retains control over judgments \* \* and may reopen, correct, amend or modify its judgment for good cause". Section 510.-,370, V.A.M.S., Supreme Court Rule 3.25.[1] From such a discretionary order the plaintiff cannot appeal for want of a final judgment in the case. Kallash v. Kuelker, supra, 347 S.W.2d page 471.

We believe that under the overwhelming weight of authority the appeal here is premature, unauthorized and must be dismissed. This conclusion is decisive as to the appeal. It is, therefore, unnecessary to consider the other points raised by plaintiff.

The appeal herein is dismissed.

SPERRY, C., concurs.

PER CURIAM.

The foregoing opinion of MAUGHMER, C., is adopted as the opinion of the Court.

All concur.

1. Now Civil Rule 75.01, V.A.M.R.