BREED, Appellant, v. HOBART et al.

Division Two, March 14, 1905.

1. **JUDGMENT BY DEFAULT: Setting Aside: Appeal.** An order setting aside a judgment by default is not a granting of a new trial within the meaning of the statutes (secs. 801 and 806, R. S. 1899), and no appeal lies from such an order.

2. ————: ————: **New Trial.** Where neither defendants nor either of them were in court at the time judgment was rendered, and where no inquiry of damages was had or anything which would indicate a trial, no new trial could be granted, and the judgment was one by default, and from an order sustaining a motion to set it aside in such case there is no appeal.

3. ————: ————: **Misunderstanding of Counsel.** At the same term at which judgment had been rendered by default against defendant, he filed a motion to set aside the judgment on the ground that the default was occasioned by a misunderstanding between his attorneys and the attorney for the plaintiff, and that he had no notice of the fact that the case was set for trial, and that no record entry was made notifying him of that fact, although the case had been passed generally, and although it was the custom and rule of the court, under such circumstances, to make a record entry notifying the parties of the day the case would be tried. This motion was sustained, after hearing. *Held*, that the judgment was one by default, and plaintiff is not entitled to an appeal from the order granting it.

Appeal from Greene Circuit Court.—*Hon. James T. Neville*, Judge.

APPEAL DISMISSED.

*Heffernan & Heffernan* for appellant.

A motion for a new trial will not be sustained on grounds not alleged in the motion. Albert v. Seiler, 31 Mo. App. 254; Putnam v. Railroad, 22 Mo. App. 589; Alexander v. Railroad, 54 Mo. App. 70; Bollinger v. Carrier, 79 Mo. 318. Whether under the statutes or

common law, equity requires that merits in the case and diligence of a party claiming relief be shown before it will interfere; neither is shown by the respondents in this case. Hunt v. Smith, 15 Ala. 807; Williams v. Court, 5 Mo. 248; Kirby v. Chodwell, 10 Mo. 392; Beibing v. Taylor, 64 Mo. 63; Campbell v. Garton, 29 Mo. 343; Gehrke v. Jod, 59 Mo. 52; Austin v. Nelson, 11 Mo. 193; Harber v. Railroad, 32 Mo. 426. Where the facts are undisputed, the appellate court will review the facts and record, and not defer to the discretion of the trial court. Such is the case here. Henry v. Bell, 75 Mo. 194; Waddell v. Williams, 50 Mo. 216; Knapp, Stout & Co. v. Stanley, 45 Mo. App. 264. The court's discretion must be exercised with a due regard to established principles of law and legal precedents. 1 Black on Judgments, sec. 354. The trial court's discretionary authority must be exercised with reason, having in view the rendering of justice to the right party. When arbitrarily or oppressively exercised, the appellate court will interfere. Scott v. Smith, 133 Mo. 667. Judicial discretion, however, does not import liberty to indulge in mere whim or caprice. It is not an unlimited power and is subject to review. Jacobs v. McLean, 24 Mo. 41; Griffin v. Veil, 56 Mo. 310; 6 Ency. Pl. and Pr., 819; Cabanne v. Macadaras, 91 Mo. App. 70. The motion to set aside the judgment does not state the facts, as shown by the record. Nor did the court sustain said motions and set aside the judgment for any of the causes set forth in said motion or motions, and for that reason the causes in the motions should not be considered. Banks v. Porter, 148 Mo. 183; Mirrielees v. Railroad, 163 Mo. 473. The motions being filed more than four days after judgment could only be sustained for some irregularity in rendering the judgment. R. S. 1899, sec. 795. There is no allegation in the motions that the judgment is irregular or void. It is not contended that there are any statutory reasons for setting aside the judgment.

"Even when a petition is incoherent, and clumsily drawn, if taken altogether, it states a cause of action, it is sufficient." Putnam v. Railroad, 22 Mo. App. 589. It is no objection that the judgment is not in accordance with the prayer of the petition. Henderson v. Dickey, 50 Mo. 161. Though the judgment is different from the petition it is good after judgment. The motions, not being statutory, should be considered as motions for new trial. All motions for new trials (and in arrest of judgment), shall be made within four days after trial, if the term shall so long continue; and if not, then before the end of the term. R. S. 1899, sec. 803. This statute is mandatory, and according to the uniform ruling of this court since the case of Allen v. Brown, 5 Mo. 323; State v. Brooks, 92 Mo. 59; State v. Maddox, 153 Mo. 471. The granting of new trials is not longer discretionary with circuit courts. Laws 1891, p. 70; Leovell v. Davis, 52 Mo. App. 342; Shewalter v. McGraw, 60 Mo. 288. This rule should also apply to motions in setting aside judgments.

*Benj. U. Massey* and *W. D. Tatlow* for respondent.

The appeal in this case was prematurely taken and respondent's motion to dismiss should be sustained. The appeal is from an order setting aside a judgment by default. The respondent, Hobart, was not present at the time the case was taken up and the judgment rendered, nor were the other defendants present. Thereafter, and at the same term of court, the respondent, Hobart, filed his motion to set aside the judgment on the ground of mistake of himself and attorneys as to when the case would come up. Such an order has been expressly held more than once in this State not to be an order granting a new trial within the meaning of section 806, Revised Statutes 1899, and that hence no appeal will lie from such an order. Crossland v. Admire, 118 Mo. 87; Schwoerer v. Christophel, 64 Mo. App. 82;

Kidder v. Wright, 72 Mo. 378; Greeley v. Railroad, 123 Mo. 157.

BURGESS, P. J.—This is an action by Susan P. Breed, as a judgment creditor of the Real Estate Investment Company, wherein she seeks to recover of the respondent Hobart and others the amount of her judgment against the Real Estate Investment Company, on the ground that the said Hobart was one of the incorporators of the said company and subscribed for ten thousand dollars of the stock of the company, and paid only $2,600, leaving $7,400 as the balance due on his subscription to the stock of the said company, which the appellant claims is an asset of the corporation which should be applied to the payment of her judgment. The petition alleges that the Real Estate Investment Company was incorporated by the respondent, Hobart, and nine others, by each subscribing for ten thousand dollars of the stock of the company, and that the same was paid by the incorporators deeding to the company real estate of the value of $26,000, leaving $7,400 that each of the incorporators was indebted to the company on their stock subscription.

In February, 1893, the Real Estate Investment Company issued two notes secured by deed of trust, each for $5,000, which they sold through the brokerage firm of Noell & Co. of St. Louis. One note was sold to the appellant, Mrs. Breed. Default was made in the payment of appellant's note, and foreclosure of the deed of trust was had by sale of the property to Mrs. Breed, and judgment obtained for the surplus and execution was issued, *nulla bona* return made, and this action was brought.

On the twenty-sixth day of July, 1902, judgment was rendered against the respondent, Hobart, and Bigbee as administrator of the estate of Ambrose, deceased, in favor of the appellant Breed. This judgment was rendered by default, the respondent, Hobart, or

Bigbee, not being present in court at the time the judgment was rendered. Afterwards, and at the same term of court, to-wit, the May term, 1902, the respondent, Hobart, filed a motion in said court to set aside the judgment so rendered against him on the ground that the default was occasioned by a misunderstanding between his attorneys and the attorney for the appellant, Mrs. Breed, and he had no notice of the fact that the case was set for trial and that no record entry was made notifying him of that fact, although the case had been passed generally, and although it was the custom and rule of the court under such circumstances to make a record entry notifying the parties as to the day the case would be tried. This motion was duly verified by the affidavit of the respondent, Hobart, and accompanied with his answer to the merits, which he asked leave to file. Appellant's attorney filed a counter affidavit, and the motion of the respondent, Hobart, was sustained, as well as the motion of Bigbee as administrator of Ambrose. The case was reinstated upon the docket for trial and the respondent, Hobart's, answer was duly filed. Whereupon the appellant, Mrs. Breed, appealed from the order setting aside the judgment and reinstating the case.

Before the judgment was set aside, oral evidence was heard pro and con by the trial court, and the court exercised its discretion by setting aside the judgment by default and permitted the respondents, Hobart, and Bigbee, as administrator, to file their respective answers.

The first question with which we are confronted is as to whether or not the order appealed from in this case is an order granting a new trial or an order setting aside a judgment by default. If the latter, the judgment must be affirmed, for setting aside a judgment by default is not a granting of a new trial, within the meaning of sections 801 and 806, Revised Statutes 1899. And no appeal lies from such an order.

The judgment appealed from was clearly by default. Neither defendants nor any of them were in court at the time. No inquiry of damages was had or anything which would indicate a trial, hence a new trial could not be granted.

As was said in Crossland v. Admire, 118 Mo. 87: "The statute (sec. 2241, R. S. 1889; sec. 801, R. S. 1899), provides that 'only one new trial shall be allowed to either party,' with certain designated exceptions, and requires the grounds upon which a new trial may be granted, to be specified of record. We do not think an order setting aside a judgment rendered on default is included within the terms or intent of the statute. There had been no trial, within the meaning of that term, and a trial must precede a new trial. A trial, under the code, is defined to be 'the judicial examination of the issues between the parties, whether they be issues of law or of fact.' [Sec. 2130.] Webster defines the word 'trial' as 'the formal examination of the matter in issue in a cause, before a competent tribunal; the examination, in legal form, of the the facts in issue in a cause pending before a competent tribunal, for the purpose of determining such issue.' Bouvier adopts the definition of the court of Massachusetts (4 Mass. 232): 'the examination before a competent tribunal according to the laws of the land, of the facts put in issue in a cause, for the purpose of determining such issue.' "

In passing upon the case last cited, the St. Louis Court of Appeals, in Schwoerer v. Christophel, 64 Mo. App. 81, said: "A trial is had for the determination of the issues, which can only be made by the pleadings; an inquiry of damages after interlocutory judgment fixing the rights of the parties was not a trial within the meaning of the statute, since it involved no issue between the parties; the injection, in the order of the court setting aside the judgment, of the statement that

a new trial was granted was unauthorized. There is no distinction in principle between the case before the Supreme Court and the attitude of the case at bar. In the present case the motion was to set aside the judgment on account of a misunderstanding between counsel. It is true that the motion also asked for a new trial, but it did not lose its character as a motion to set aside and vacate a judgment because the mover also asked for a new trial. Such further request was mere surplusage.''

As no trial had been had, no new trial could be granted; therefore, the order granted was not for a new trial from which the appeal could have been taken, but simply an order setting aside a judgment from which no appeal could have been taken.

The motion to dismiss the appeal is sustained. All concur.