FRANK H. MILLER, Appellant, v. M. E. CRAWFORD, Respondent.

Kansas City Court of Appeals, April 4, 1910.

1. JUDGMENT: Power to Set Aside: Discretion. The trial court has power and discretion during the term to set aside a final judgment on the motion of the party aggrieved, and unless that power is abused an appellate court will not interfere.

2. INTERLOCUTORY: Default. An interlocutory judgment by default cannot be set aside after final judgment has been entered.

3. ———: ———: ———: Appeal. No appeal will lie from an order setting aside an interlocutory judgment by default.

4. ———: ———: ———: ———. But an appeal will lie from an order setting aside a final judgment by default.

5. PROMISSORY NOTE: Appeal. Where a judgment by default is rendered on a promissory note, and at same time is made final; and afterwards, during the term, an order is made on defendant's motion setting the judgment aside, an appeal will lie from such order by the terms of the statute (sec. 806, R. S. 1899) giving right to an appeal from any special order made after final judgment.

Appeal from Buchanan Circuit Court.—*Hon. L. J. Eastin,* Judge.

AFFIRMED.

*C. C. Crow* for appellant.

The trial court is without power or authority to set aside a final judgment on default. It is in the discretion of the court to set aside default before final judgment, but the statute does not permit the filing of a motion after final judgment. R. S. 1889, sec. 770; Billingham v. Miller, 115 Mo. App. 154; Burnes v. Burnes, 61 Mo. App. 612; Matthew v. Cook, 35 Mo. App. 286.

*Mytton & Parkinson* for respondent.

(1)   All judgments, decrees and other orders, however conclusive, are under the control of the court which pronounces them during the term at which they are rendered or entered of record, and they may be set aside, vacated or annulled by that court during that term. Nelson v. Chiselin, 17 Mo. App. 663; Woodward v. Woodward, 84 Mo. App. 328; Hesse v. Seip, 88 Mo. App. 66; Sinclair v. Lead & Zinc Co., 87 Mo. App. 268; Smith v. Perkins, 124 Mo. 50; Aull v. St. Louis Trust Co., 149 Mo. 1; Knupp v. Miller, 136 Mo. 256; Scott v. Smith, 133 Mo. 618; Casey v. Railroad, S. W. Rep. 562; Crawford v. Railroad, 171 Mo. 79.   (2)   A motion to set aside a judgment filed at the same term at which the judgment is rendered is the correct method of procedure whether the judgment be an interlocutory judgment by default or a final judgment by default. Knupp v. Miller, 133 Mo. App. 256; Curtiss v. Bell, 131 Mo. App. 245.

ELLISON, J.—This action was instituted upon a promissory note, and judgment by default, and final, was rendered by the trial court. Afterwards, during the term, defendant filed motion to set aside the judgment and the court sustained it. Plaintiff thereupon appealed from that order.

The judgment, being upon a promissory note, was entered in the usual form, reciting the default and that the cause was thereupon submitted to the court by the plaintiff; that the court found the indebtedness existing in the amount of $468.68 and thereupon considered and adjudged that plaintiff recover that amount and have execution therefor.

Plaintiff contends that the judgment under consideration was a final judgment on a promissory note, and that, under the statute, a judgment by default cannot be set aside after final judgment. By section 769, Revised Statutes 1899, "an interlocutory judgment" by default is authorized where the defendant has failed to answer within proper time. And by section 770 "such judgment may, for good cause shown, be set aside at any time before the damages are assessed or final judgment rendered, upon such terms as shall be just." In giving effect to the latter section it has been decided that a judgment by default cannot be set aside after a final judgment has been rendered. [Billingham v. Miller, 115 Mo. App. 154; Matthews v. Cook, 35 Mo. 286; Burnes v. Burnes, 61 Mo. App. 612.] And those cases are cited by plaintiff in support of his view.

But do they apply? That statute and those decisions refer, not to a judgment by default merely, but to an *interlocutory* judgment by default. An interlocutory judgment has been called one which "is given in the middle of a cause, upon some plea, proceeding, or default, which is only intermediate, and does not finally determine or complete the suit." [3 Blackstone Com. 396.] Such judgments being intermediate, they precede the final judgment and presuppose something to follow before a final judgment is rendered. Such was the character of judgments in the cases cited.

But this case being on a note, the sum being liquidated by the instrument sued upon, final judgment is rendered, under our practice act, at the time the default is entered. There is therefore no interlocutory judgment

in such instances and those cases do not support plaintiff's position.

But though the judgment was final and not interlocutory, it was yet one by default, and as such it could be set aside, on proper showing, at any time during the term of court at which it was rendered, or a term to which the application might be continued. [Harkness v. Jarvis, 182 Mo. 231.]

By reference to the cases cited in defendant's brief, including that just referred to, it will be seen that the trial court is invested with large discretion in determining a motion to set aside a default, especially in granting such motion. In the case at bar, we are satisfied, the circumstances considered, that there was no abuse of the court's powers.

Defendant has denied plaintiff's right to an appeal. His position is based on the assertion that no appeal will lie from an order setting aside a judgment by default, citing Breed v. Hobart, 187 Mo. 140, and Crossland v. Admire, 118 Mo. 87. In each of those cases the motion to set aside the default was made before the final judgment was entered. In the former there had not yet been a hearing, after the default, as to the proper amount to charge against the defendant as a stockholder in the insolvent corporation. In the latter the default was rendered and a hearing had as to rents and profits, but, as we gather from the report of the case, the final judgment had not yet been rendered when the motion to set aside the default was made. The motion in each case was *before* final judgment and they were therefore decided from the standpoint of whether the statute allowing an appeal from an order granting a new trial applied to that state of case.

But where the judgment which is set aside is by default and *final,* an appeal will lie from an order setting it aside. The statute itself (sec. 806, R. S. 1899) reads: ".   .   . , or from any final judgment in the cause, or from any special order after final judgment,

. . . ." This clause was doubtless not considered to be applicable to Breed v. Hobart and Crossland v. Admire, as final judgment had not been rendered in either case. But that clause has been held by the Supreme Court as allowing an appeal on orders made after final judgment; as in a railroad condemnation proceeding, from the refusal of the court to direct a payment to the landowner of the amount of the award of the commissioners (St. Louis Railway Co. v. Clark, 119 Mo. 357), and in an order setting aside a sale under execution (McAnaw v. Matthis, 129 Mo. 142) ; and by the St. Louis Court of Appeals, from an order for a yearly allowance of dower (Young v. Thrasher, 61 Mo. App. 413). In Scott v. Smith, 133 Mo. 618, a final judgment was rendered against the plaintiff on acount of his non-appearance at day of trial. He afterwards, during the term, filed his motion to set aside the judgment and it was sustained and the defendant appealed. No doubt of the right of appeal was expressed.

The judgment is affirmed. All concur.