# BERTRAM J. BUSSIERE, Appellant, v. T. M. SAYMAN, Respondent.

### St. Louis Court of Appeals, February 4, 1913.

1. **APPEALS: Appealable Orders: Setting Aside Default Judgment.** Although section 2038, Revised Statutes 1909, authorizes an appeal from any special order after final judgment, it does not, according to the construction given it by the Supreme Court in Crossland v. Admire, 118 Mo. 87, authorize an appeal from an order setting aside a final judgment by default.

2. **————: ————: ————: Construction of Supreme Court's Decision.** A dismissal by the Supreme Court of an appeal from an order vacating a final default judgment, on the ground that the order is not one granting a new trial within section 2038, Revised Statutes 1909, authorizing an appeal from an order granting a new trial or from any special order after final judgment, is a decision that the order is not appealable under any provision of the statute, and the judgment of the Supreme Court concludes the question of the appealability of such an order.

3. **————: Right to Appeal.** Although the right of appeal is purely statutory, it is nevertheless available to every person who prosecutes one within the terms of the statute authorizing it.

4. **APPELLATE PRACTICE: Supreme Court: Controlling Effect of Decision.** Under section 6 of the Amendment to the Constitution of 1884, providing that the last prior ruling of the Supreme Court shall be controlling authority in the Courts of Appeals, the Courts of Appeals are controlled by the judgment of the Supreme Court directly in point.

5. **————: Conflicting Decisions: Disposition of Case.** Where a decision of one of the Courts of Appeals, conforming to the last prior ruling of the Supreme Court, is in conflict with a decision of one of the other Courts of Appeals, rendered subsequent to the decision of the Supreme Court, the case will be certified to the Supreme Court for final determination, in accordance with the requirements of section 6 of the Amendment to the Constitution of 1884.

Appeal from St. Louis City Circuit Court.—*Hon. James E. Withrow,* Judge.

CERTIFIED TO SUPREME COURT.

*Charles A. Houts* and *Frank A. Habig* for appellant.

*Leahy, Saunders & Barth* for respondent.

NORTONI, J.—This is an appeal from an order of the court setting aside a final judgment by default; and the immediate question for consideration pertains to the right of appeal in such cases. The suit is on account for the reasonable value of advertising placed by defendant for plaintiff under a contract.

It appears that defendant was duly summoned more than thirty days before, to answer plaintiff's petition on the first day of the October term, 1910, but he defaulted and came not. Thereafter, and during the October term of court, to-wit, on November 25, 1910, an interlocutory judgment by default was entered against defendant and the cause continued. At and during the succeeding December term, 1910, of the court, and on the 4th day of January, 1911, the cause came on for hearing, and an inquiry of damages was had. Defendant, though duly called, came not, and after the evidence was heard, the court gave judgment for plaintiff for the sum of $3693.95. Fourteen days thereafter, and during the same, or December, 1910, term of court, and on the 18th day of January, 1911, defendant appeared and by his motion in writing moved the court to set aside the judgment rendered against him. Thereafter, on March 20, 1911, and during the February term, 1911, of the court, to which the motion had been continued, the motion to set aside the judgment was sustained by the court and by its order of record the final judgment entered January 4, 1911 was set aside and vacated.

It is argued by defendant that no appeal lies from an order setting aside a final default judgment, and it is said for that reason this one should be dismissed. We entertain no doubt that the statute authorizes an appeal in this case, but, in view of the decision of the

Supreme Court in Crossland v. Admire, 118 Mo. 87, 24 S. W. 154, we believe the question is concluded here, for, obviously, the identical proposition is within the scope of the judgment of that court in that case. The statute (Sec. 2038, R. S. 1909) authorizing appeals is as follows:

"Any party to a suit aggrieved by any judgment of any circuit court in any civil cause from which an appeal is not prohibited by the Constitution, may take his appeal to a court having appellate jurisdiction from any order granting a new trial, or in arrest of judgment, or order refusing to revoke, modify or change an interlocutory order appointing a receiver or receivers, or dissolving an injunction, or from any interlocutory judgments in actions of partition which determine the rights of the parties, or from any final judgment in the case, or from any special order after final judgment in the cause; but a failure to appeal from any action or decision of the court before final judgment shall not prejudice the right of the party so failing to have the action of the trial court reviewed on an appeal taken from the final judgment in the case. The Supreme Court shall summarily hear and determine all appeals from orders refusing to revoke, modify or change an interlocutory order appointing a receiver or receivers, and for that purpose shall, on motion, advance the same on its docket."

Among other things, an appeal is authorized by this section "from any special order after final judgment in the case." It seems entirely clear that these words authorize the present appeal from the order of the court entered after final judgment by default, which operated to set that judgment aside. Such is the view of the Kansas City Court of Appeals on a like question, as will appear by reference to the case of Miller v. Crawford, 140 Mo. App. 711, 126 S. W. 984, and in which we fully concur. However this may be, the precise question was before the Supreme Court

in Crossland v. Admire, above cited, which was a case in its material facts like this one, and the appeal there was dismissed by that court when the statute authorizing appeals contained the precise clause as that last quoted.

The clause of the statute authorizing an appeal "from any special order after final judgment in the cause" was first incorporated by an amendment to section 2246, Revised Statutes 1889, approved April 18, 1891, as will appear by reference to the Laws of Missouri of 1891, page 70. Crossland v. Admire was decided by the Supreme Court November 21, 1893, and the opinion expressly comments upon the amendment to section 2246 pertaining to appeals appearing in Laws of Missouri of 1891, page 70. From this it is obvious that the amended statute was before the Supreme Court at the time that judgment was given. It is true that the particular clause authorizing an appeal from any special order after final judgment was not discussed in the opinion in that case, for the court denied the right of appeal on the ground that an order setting aside a default judgment, as in that case and in this one, was not an order granting a new trial to the party. But be this as it may, the right of an appeal, in a case such as this one, under the statute containing the clause mentioned and as it now stands, is essentially within the purview of the *judgment* of the Supreme Court in that case.

Though the right of appeal is purely statutory, it is available to every party who prosecutes one within the terms of the statute authorizing it. The statute then in force (Sec. 2246, R. S. 1889), as amended in 1891 (Laws of Missouri 1891, page 70), authorized an appeal from any special order after final judgment in the cause. It appears that Crossland had obtained a judgment in ejectment by default against Admire, who, though duly summoned more than thirty days before the term, failed to appear to the cause. Fur-

thermore, final judgment was entered in that case as in this one and the court says: ''Before the final judgment was rendered, plaintiff offered evidence of his title, of the possession of defendant, of the value of the rents and profits and of the damages.'' From this it is obvious that an inquiry of damages was had and such was determined in the final judgment given. After this final judgment was given in Crossland v. Admire, defendant appeared by attorney and moved to set the same aside. This motion was sustained and the final judgment by default was set aside, identically as in this case. From that order plaintiff prosecuted his appeal to the Supreme Court and that court dismissed it because it was unauthorized by the statute, and this, too, when the statute stood precisely as it does today on the particular question involved here. While, as before said, the court in that case does not discuss the provision of the statute authorizing an appeal from any special order after final judgment, the question is essentially concluded in so far, as this court is concerned by the judgment of the Supreme Court in that case, for the amended statute was before it, as appears from a reference to other provisions thereof in the opinion. [See Crossland v. Admire, 118 Mo. 87, 92, 24 S. W. 154.]

• Though it may be that the plaintiff in that case, in response to defendant's motion to dismiss, offered an argument seeking to sustain his right of appeal on a particular ground, the right was available to him under any provision the statute afforded and the burden was on defendant to point out a valid reason for its dismissal. The court seems to have denied the right of appeal in that case on the ground that it was not prosecuted from an order granting a new trial, in the technical sense of that term; but in view of the provision authorizing an appeal from any special order after judgment then in the statute, it is obvious that the *judgment* of the Supreme Court should be

taken to deny the right, even in view of that provision, for every right vouchsafed by the statute touching that matter was available to plaintiff in support of the appeal. This being true, the judgment of the Supreme Court concludes the matter here, even though the particular words of the statute above referred to are not commented upon in the opinion.

By section 6 of the Amendment to the Constitution pertaining to Courts of Appeals, adopted November, 1884 (see R. S. 1909, vol. 1, page 101), it is provided the last previous ruling of the Supreme Court on any question of law or equity shall in all cases be controlling authority in the Courts of Appeals. In view of this, it is our duty to be guided by the judgment of the Supreme Court in Crossland v. Admire, supra, which appears to be directly in point and is therefore controlling authority. According to that judgment, this appeal should be dismissed; but as we deem the judgment in this case to be contrary to the decision of the Kansas City Court of Appeals in the case of Miller v. Crawford, 140 Mo. App. 711, 126 S. W. 984, the case should be certified to the Supreme Court for final determination. Such is the course authorized by the section of the Constitution above referred to and sustained by the precedents in like cases. [See Judd v. Walker, 114 Mo. App. 128, 89 S. W. 558; s. c., 215 Mo. 312, 114 S. W. 979; Casey v. St. Louis Transit Co., 116 Mo. App. 235, 91 S. W. 419; s. c., 186 Mo. 229, 85 S. W. 357.] It is so ordered. *Reynolds, P. J.,* and *Allen, J.,* concur.