## W. A. HOLDER, Appellant, v. F. A. CHIDISTER, Respondent.

**Springfield Court of Appeals, February 10, 1914.**

1. **APPEALLATE PRACTICE:** Default Judgment: Order Setting Aside: Not Subject of Appeal. Section 2038, R. S. 1909, does not authorize an appeal from an order setting aside a default judgment for plaintiff.

2. ————: Conflicting Decisions of Appellate Courts: Case Certified. Where a decision of one appellate court conflicts with that of another, the cause will be certified to the Supreme Court.

Appeal from Greene County Circuit Court.—*Hon. Arch A. Johnson,* Judge.

APPEAL DISMISSED AND CAUSE CERTIFIED TO THE SUPREME COURT.

*Oscar B. Elam* for appellant.

In the case at bar the proceedings in the circuit court from the filing of the petition to the default, inquest and final judgment thereon appear to have been entirely regular and in conformity to law, and the defendant has not, as a matter of law and strict right, any ground on which to claim that the judgment on the default be set aside. Robyn v. The Chronicle Pub. Co., 127 Mo. 385, 390; Johnson v. Godlove, 71 Mo. 400.

*Tom R. Moore* for respondent.

An appellate court should not interfere with the discretion of the trial court in determining a motion to set aside a default judgment, made final when such judgment is set aside. Yates v. Shanklin, 85 Mo. App. 360; Longdon v. Kelly, 51 Mo. App. 572; Hall v. Mc-Coney, 152 Mo. App. 8, 9.

ROBERTSON, P. J.—Plaintiff obtained a judgment by default against the defendant in the circuit court, which, on the fourth day thereafter and during the same term of court, the defendant moved to set aside, accompanying his motion by an affidavit and his proposed answer. Upon the hearing of defendant's motion, supported by affidavits and oral testimony, the court promptly sustained the same and the plaintiff has appealed.

Since it has been held by the Supreme Court that Section 2038, Revised Statutes of 1909, does not authorize an appeal in a case of this kind (Crossland v. Admire, 118 Mo. 87, 24 S. W. 154; Breed v. Hobart, 187 Mo. 140, 86 S. W. 108), it becomes our duty to dismiss the appeal herein, which is accordingly done; but, in doing so, we come in conflict with the Kansas City Court of Appeals in the case of Icing Co. v. Kemper, 166 Mo. App. 613, 149 S. W. 1163, and in Miller v. Crawford, 140 Mo. App. 711, 126 S. W. 984, and shall, therefore, follow the precedent established by the St. Louis Court of Appeals in the case of Bussiere v. Sayman, 171 Mo. App. 11, 153 S. W. 507, and certify this case to the Supreme Court. It is so ordered. *Sturgis* and *Farrington, JJ.,* concur.