THE STATE ex rel. NELSON E. JOHNSON, Judge of Circuit Court of Jackson County, and STEVE EFTHEMIS and T. HALLAK, Doing Business as HALLAK CANDY COMPANY, v. HENRY L. ARNOLD et al., Judges of Kansas City Court of Appeals, and WHITE SATIN SUGAR COMPANY.—297 S. W. 59.

Division Two, July 13, 1927.

**1. CERTIORARI: Return: Parties.** The writ of certiorari is employed to review the record of the Court of Appeals in a certain cause, and the return of a party to such cause has no place in the proceedings and serves no purpose, and the motion of relator to strike it from the files will be sustained.

**2. APPEAL: From Order Setting Aside Default Judgment.** An order sustaining defendant's motion for a new trial and setting aside a default judgment is not a final judgment, and from such order there is no appeal. Such order wipes out the default judgment, and an appeal, if allowed, does not operate as a stay of other proceedings and orders by the trial court. So that where plaintiff sued on account and attached certain property, and judgment by default was rendered and the attachment sustained, and thereafter on the motion of one of the defaulting defendants the default judgment was set aside and a new trial granted, plaintiff was not entitled to an appeal from such order, and his appeal, if allowed, did not prevent the circuit court, pending said appeal, from hearing an interplea involving the ownership of the property attached; and the Court of Appeals in holding that the plaintiff was entitled to an appeal from the order setting aside the default judgment, that such order was a final judgment, and that the appeal operated, pending the appeal, to stay all proceedings in the trial court, including a hearing of the interplea, contravened the decisions of this court in Bussiere v. Sayman, 257 Mo. 303, and other later cases.

Corpus Juris-Cyc. References: **Appeal and Error**, 3 C. J., Section 360, p. 527, n. 36. **Certiorari**, 11 C. J., Section 265, p. 175, n. 18. **Courts**, 15 C. J., Section 511, p. 1079, n. 42.

## Certiorari.

RECORD QUASHED.

*Paul G. Koontz* and *John L. Gaylord* for relators.

(1)   An order setting aside a default judgment is not a final judgment, is not appealable, and an attempted appeal does not operate to suspend or divest the jurisdiction of the trial court. State ex rel. v. Ellison, 277 Mo. 294; State ex rel. v. Evans, 184 Mo. 632; Sec. 1469, R. S. 1919; Bussiere's Administrator v. Sayman, 257 Mo. 303; Holder v. Chidester, 193 S. W. 568; Breed v. Hobart, 187 Mo. 140; Crossland v. Admire, 118 Mo. 87.   (2)   An interplea is independent of and collateral to the attachment suit. Brennan v. O'Driscoll, 33 Mo. 372; Giett v. McGannon, 74 Mo. App. 209; Keet-Roundtree D. G. Co. v. Hodges, 175 Mo. App. 484; Torreyson v. Turnbaugh, 105 Mo. App. 439.   (3)   An appeal does not operate to divest or suspend the jurisdiction of the trial court over proceedings independent or collateral thereto. State ex rel. v. Guthrie, 245 Mo. 144; State ex rel. Riefling v. Sale, 153 Mo. App. 273.   (4)   The writ of prohibition lies only against those exercising judicial functions. State ex rel. v. Barton, 300 Mo. 76.

*Samuel Eppstein* for respondents.

(1)   The judgment appealed from is a final judgment. Miller v. Crawford, 140 Mo. App. 711; Scott v. Smith, 133 Mo. 618.   (2)   No interplea undisposed of was pending at the time attachment was sustained and judgment on the merits entered. An interplea is a statutory replevin engrafted upon a suit by attachment and counsel for interpleader had the right to elect their remedies and after election they are estopped to try the same remedy that they had at the beginning. Nancing v. Jacob, 93 Mo. 331; Estes v. Reynolds, 75 Mo. 563; Stroller v. Coats, 88 Mo. 514.   (3)   The judgment of a court of competent jurisdiction, directly upon the same point, is a plea in bar, or as evidence conclusive between the same parties and their privies, is a complete estoppel in every other jurisdiction. Townsend v. Townsend, 60 Mo. 246; Summit v. City Realty, 208 Mo. 501.   (4)   Where the effect of a judgment is to decide a particular issue of fact, that issue must be held *res adjudicata* as to the parties then before the court and it is immaterial in what form the issue was raised. Young v. Burd, 124 Mo. 590; Wiggin v. St. Louis, 135 Mo. 558.   (5)   The conclusiveness of a judgment includes the finding of any fact which was in issue and was necessarily decided. State ex rel. v. Branch, 134 Mo. 592; Short v. Taylor, 137 Mo. 517; Spradling v. Conway, 51 Mo. 54; Givens v. Thompson, 110 Mo. 432.   (6)   In a

proceeding by interplea, in an attachment suit, the right of the property is the pertinent issue and the interplea should be heard and determined before the attachment. Brownwell v. Barand, 139 Mo. 142; State v. Langdon, 57 Mo. 350; Ladd v. Cousins, 35 Mo. 513. (7) Where an appeal has been granted, the lower court can make no order in the case, except to vacate the order of the appeal during the term. Burgess v. O'Donoghue, 90 Mo. 299; Foster v. Rucker, 26 Mo. 494; Ex. Natl. Bk. v. Allen, 68 Mo. 474; State v. Dusenberry, 112 Mo. 277; State ex rel. v. Tales, 143 Mo. 63; State ex rel. v. Broddus, 210 Mo. 613; Havens v. Mo. Railroad, 155 Mo. 225.

HENWOOD, C.—This is an original proceeding by *certiorari* to review the record of the Kansas City Court of Appeals in making permanent a writ of prohibition directed against the relators herein. Relators seek to quash the record of the Court of Appeals, alleging a conflict between the opinion of that court in the prohibition case mentioned and controlling decisions of this court.

In the original suit involved, the White Satin Sugar Company sued on an account and attached certain property. Judgment by default was rendered and the attachment sustained. On the motion of one of the defaulting defendants the default judgment was set aside and a new trial granted. From this ruling the judgment plaintiff (White Satin Sugar Company) appealed, and also applied to the Court of Appeals for a writ of prohibition to prevent a hearing by the Circuit Court of Jackson County on an interplea involving the ownership of the property attached, pending said appeal. The Court of Appeals issued a temporary writ of prohibition, and later, after a hearing on the merits, made the writ permanent.

As a preliminary matter, we sustain the motion of relators to strike from the files the return of the respondent White Satin Sugar Company. The writ of *certiorari* issued by this court being employed only for a review of the record of the Court of Appeals, the return of the White Satin Sugar Company serves no purpose and has no place in this proceeding. [Sec. 8, Art. 6, Mo. Const., Amendment of 1884; State ex rel. v. County Court, 237 Mo. l. c. 469; State ex rel. v. Bland, 168 Mo. l. c. 7.]

The opinion of the Court of Appeals, being short, will now be quoted in full. It reads as follows:

"Opinion of the Kansas City Court of Appeals.

"Original Proceeding in Prohibition.

'Relator herein, by writ of prohibition, seeks to prevent the court below from proceeding to the trial of the cause on its merits, after an appeal from a rule and order of said court sustaining a motion to set aside a default judgment and the granting of a new trial.

"The original suit was based upon an unpaid account for goods purchased and in order thereof an attachment was issued wherein certain candy-making machinery was attached. There was a judg-

ment by default for the amount of the claim and the attachment was upheld. Thereafter, a motion for a new trial and to set aside the default judgment was sustained; from which ruling of the court relator appealed to this court, where the same is now pending. Later, an amended petition in interpleader was filed by one of the parties defendant in the main suit, and the trial court proposed to proceed to a hearing of the case on its merits on the interplea.

"Upon this state of facts, relator applied to this court for relief and a preliminary writ of prohibition was issued. Parties have filed briefs and the cause is now before us for a determination of the question of making the writ permanent. The only question presented for our consideration at this time is whether relator's appeal from the ruling of the trial court in sustaining defendants' motion for a new trial and in setting aside the default judgment operates as a stay of all further proceedings and orders by the trial court in the case.

"The ownership of the property attached was the point directly involved in the original suit, and the questions form the basis of the interplea. It is relator's position that where an appeal has been granted, as here, the court below can make no order in the case except to vacate the order of appeal. As shown by the record which is properly certified by the clerk of the circuit court, no order vacating the order of appeal was made by the court. The record discloses that the appeal from the action of the court in sustaining the motion for a new trial was made on April 22, 1926, and that on May 8, 1926, the amended interplea was filed and the court proposed to proceed with a hearing thereon.

"We do not understand that it is defendants' position that plaintiff could not properly appeal from the order of the court granting a new trial, and we need not, therefore, discuss this point. It was held in Haven v. Ry. Co., 155 Mo. 216 (opinion by Marshal, J.), that an appeal from an order of the circuit court brings only the ruling of the trial court before the appellate court for review; that the immemorial practice obtains in considering the sufficiency of the trial court's reasons for granting a new trial.

"The Supreme Court in Burgess v. O'Donoghue, 90 Mo. 299, held, in effect, that an appeal to the Supreme Court from a judgment of the circuit court invests the Supreme Court with, and deprives the circuit court of. all jurisdiction over the cause; and this is true, although no appellant's bond was given and there was no supersedeas of the judgment, and, pending the appeal the circuit court can make no order vacating the judgment (citing Ladd v. Cousins, 35 Mo. 513; DeKalb v. Hixon, 44 Mo. 341). To the same effect is Obarkoetter v. Luebbering, 4 Mo. App. 431. The judgment herein appealed from, to-wit, the order of the court sustaining defendants' motion for a new trial, is a final judgment, by default (Miller v. Crawford, 140 Mo. App. 711). The default judgment herein was final and an ap-

peal from an order setting same aside was allowed. Under the law, such appeal operates as a stay of all further proceedings by the trial court until the pending appeal is determined. The cases cited and arguments presented in the very able brief filed by defendants do not refute the plain law in this respect.

"For the reasons herein stated, the preliminary writ of prohibition issued herein is hereby made permanent.

"*Bland, J.*, concurs; *Trimble, P. J.*, absent.

"HENRY L. ARNOLD, J."

We note that the opinion says: "The only question presented for our consideration at this time is whether relator's appeal from the ruling of the trial court in sustaining defendants' motion for a new trial and in setting aside the *default judgment* operates as a stay of all further proceedings and orders by the trial court in the case." (Italics ours.) We note also that the opinion further says: "We do not understand that it is defendants' position that *plaintiff could not properly appeal* from the order of the court granting a new trial, and we need not, therefore, discuss this point." (Italics ours.) However, a careful consideration of the opinion, as a whole, discloses that the conclusion reached by the learned judge, who wrote the opinion for the Court of Appeals, rests, necessarily, upon the assumption that the judgment appealed from was a *final judgment* and that the appeal in question was *properly allowed*. Moreover, it is expressly held in the opinion that the judgment appealed from was a *final judgment*, in the following language:

"The judgment herein appealed from, to-wit, the order of the court sustaining defendants' motion for a new trial, is a *final judgment*, by *default* (Miller v. Crawford, 140 Mo. App. 711). The *default judgment* herein was *final* and an appeal from an order setting same aside was allowed. Under the law, such appeal operates as a stay of all further proceedings by the trial court until the pending appeal is determined." (Italics ours.)

With this holding before us, we go now to the question of alleged conflict. The question of a *plaintiff's right of appeal* from an order setting aside a *judgment by default* was squarely presented to the St. Louis Court of Appeals in the case of Bussiere v. Sayman, 171 Mo. App. 11, and that court held that the case was *not appealable*, but certified the same to this court because of the conflict between the decision in Crossland v. Admire, 118 Mo. 87, and the decision in Miller v. Crawford, 140 Mo. App. 711. Being so certified, the case of Bussiere v. Sayman, 257 Mo. 303, was considered by this court (en banc) and FARIS, J., for the court, reviewed the previous rulings of all of our appellate courts on this question and discussed the rulings in this and other jurisdictions with marked ability. In view of the confusion still existing among our courts on this proposition, we will quote extensively from that decision, as follows:

"Another strenuous contention of respondent; to-wit, 'that from an order of the court *nisi* sustaining the motion of defendant to set aside a judgment by default no appeal is given by our statute,' next deserves our attention. If this contention of respondent is well taken, we must dismiss this appeal. The St. Louis Court of Appeals dismissed it as not appealable; not because in their opinion no appeal lay, but because this court in the case of Crossland v. Admire, supra, had held that no appeal lies in such case. In short, they give it as their opinion that we are in error in our holding here on this itching question, but they followed us as in duty bound. [Sec. 6, Amendment of 1884 to Constitution.]

"There is no sort of doubt that the case of Miller v. Crawford, 140 Mo. App. 711, is in direct conflict with the holding of the Supreme Court in the case of Crossland v. Admire, 118 Mo. 87. Neither is there any doubt that the rulings of the appellate courts of this State are almost irreconcilable, and that the whole question is now by many diverse rulings in almost inextricable confusion. This confusion began since the amendment of 1891 to the statute which confers the right of appeals in civil cases. In the latter year this section was so amended as to largely increase the number of interlocutory—as contradistinguished from final—orders from which in a pending case appeals might be taken. [Laws 1891, p. 70.]

"The first case in this court after the statute was amended in 1891 which dealt with this matter of whether an appeal lies in this sort of case, was the case of Crossland v. Admire, 118 Mo. 87, which was decided in 1893. There the section of the statute as it now stands— so far as this question goes—was before the court, *but it was ruled nevertheless, that an appeal does not lie to a plaintiff from an order of the circuit court vacating a default judgment.* While the argument of the court in the opinion in that case is largely directed to the question whether such a case is appealable because it is an appeal taken from an 'order granting a new trial,' yet the case was upon the facts on all-fours with the instant case and it was the duty of the court to hold in judgment every point and clause of Section 2038, by which jurisdiction of the appeal could be retained. We must assume, therefore, that the learned jurist who wrote the opinion of the court did so, and that he looked at the matter from every angle. If we are to hold that this appeal will lie, we must overrule the Crossland-Admire case. This court assumed jurisdiction in the case of Hulbert v. Tredway, 159 Mo. 665, which was an appeal by plaintiff from an order vacating a judgment *nil dicit*, and not on default, but which is on every principle involved on all-fours with the instant case. In that case no question whatever as to the existence of the right of appeal in plaintiff was raised, nor was the point held under judgment. The ruling in the Crossland-Admire case was followed in the case of Breed v. Hobart, 187 Mo. 140, which later case was, how-

ever, decided correctly without any doubt, since the motion to vacate the default judgment was filed therein after the default was noted, but before an inquiry as to the damages was had, and before any final judgment was rendered. In the case of Miller v. Crawford, 140 Mo. App. 711, it is incorrectly assumed and stated that the appeals were taken in both the case of Crossland v. Admire and the Breed-Hobart case after default was noted, but before an inquiry as to damages was had or any final judgment was rendered. As to the Crossland-Admire case, the learned Kansas City Court of Appeals was in error in thus assuming. So that the Miller-Crawford case is in direct conflict with the holding of this court in the Crossland-Admire case, but not so in conflict with the Breed-Hobart case.'' (Italics ours.)

''The choice being now, as our examination and discussion of all of the cases found by us or called to our attention manifestly show, between our holding in one case and that of the Kansas City Court of Appeals, likewise in one case, we ought in the interest of justice and fairness to examine and analyze the sole reason upon which, if it exists, the right of appeal here must be bottomed. Turning to Section 2038, we note that the only language upon which a doubt can hang is that found in the clause: 'or from any special order after final judgment in the cause.' From this language it is urged and argued and held the right of appeal arises here. [Miller v. Crawford, supra; Bussiere v. Sayman, supra.] But when we carefully look to the words used, is this clearly or necessarily so? The word 'special,' is in its meaning and definition as found in the dictionaries, so varied, varying and 'general,' as that we frankly concede there is no argument to be derived from its use in the troubling clause. Is there here left any *final judgment* in the cause, when the appeal is prayed? Clearly not, because the motion being acted on favorably by the court has utterly wiped the final judgment off the record and the earth. It is not and cannot be an appeal after final judgment, because such a term could be applied only where a final judgment still existed, not a case where it utterly ceased to exist. I can readily see and appreciate the legal correctness of an appeal being permitted from a special, i. e., particular, ancillary order, made after a rendition of a final judgment which judgment still exists. . . .

''Having thus carefully examined the ruled cases, and the statutes relied on as creating the right of appeal, and the necessity, or lack thereof, for an appeal at such a stage, we are unable to see any sufficient reason why we should overrule the case of Crossland v. Admire, supra. That case was ruled by a most able and painstaking jurist, but recently as the age of the law is, and at a time when the statute on this point was just as it now stands; it was ruled without dissent, one judge absent, by the Division hearing it. The conditions have not changed in favor of a different rule. It may well be that

since a different rule would clog the courts and hinder and delay the business thereof, that conditions have changed in favor of the rule announced in the Crossland case. *The case of Miller v. Crawford,* 140 *Mo. App.* 711, *should be followed no longer."* (Italics ours.)

Shortly after the case of Bussiere v. Sayman was certified from the St. Louis Court of Appeals, the case of Holder v. Chidister, 177 Mo. App. 415, involving the same question, was certified to this court by the Springfield Court of Appeals for the same reason. In connection with its holding that the law does not authorize an appeal in such cases, that court said:

"We come in conflict with the Kansas City Court of Appeals in the case of Icing Co. v. Kemper, 166 Mo. App. 613, 149 S. W. 1163, and in Miller v. Crawford, 140 Mo. App. 711, 126 S. W. 984, and shall therefore, follow the precedent established by the St. Louis Court of Appeals in the case of Bussiere v. Sayman, 171 Mo. App. 11, 153 S. W. 507, and certify this case to the Supreme Court."

This court, in disposing of the case, contented itself with a brief reference to its holding in the Bussiere case, by way of unqualified approval, treating the question as settled. [Holder v. Chidister, 193 S. W. 568.]

In dealing with the statute which authorizes appeals from the circuit court to our appellate courts (Sec. 1469, R. S. 1919), our rulings in more recent cases are in full accord with the construction of that statute as established in the Bussiere case. [McFarland v. O'Reilly, 308 Mo. l. c. 328; State ex rel. v. Trimble, 309 Mo. l. c. 424; Segall v. Garlichs, 313 Mo. l. c. 410.]

It follows that the opinion of our learned brothers of the Kansas City Court of Appeals is in conflict with decisions of this court, now controlling, and that such opinion and the record upon which it is based should be quashed. It is so ordered. *Higbee* and *Davis, CC.,* concur.

PER CURIAM:—The foregoing opinion by HENWOOD, C., is adopted as the opinion of the court. All of the judges concur.