**Anna OWENS (Plaintiff), Appellant,**

**v.**

**William H. OWENS (Defendant), Respondent.**

**No. 22234.**

Kansas City Court of Appeals.

Missouri.

June 6, 1955.

Charles A. Darby, Kansas City, for appellant.

Jerome Walsh, Kansas City, for respondent.

CAVE, Judge.

This is an appeal from an order of the Circuit Court of Jackson County, Division 8, setting aside a default divorce decree.

The record discloses that plaintiff-appellant filed a petition for divorce from her husband; that personal service was had on the defendant; that more than 30 days thereafter, to-wit, July 16, 1954, the defendant having failed to appear and file answer or plead, the plaintiff appeared in person and by attorney and the default was noted and the court heard evidence and entered a final, not an interlocutory, decree of divorce to the plaintiff and awarded her alimony in gross in the sum of $2,500, and attorney's fee of $150.

On August 12, 1954, more than 10 days after entry of the judgment, defendant filed a motion to set aside the decree, alleging in general terms that for several years he had been sickly of mind and body and at different times had been confined in veterans' hospitals; that at the time of the service of process on him he did not understand the nature, kind and character of the procedure required of him by law in order to defend himself against said divorce action; that had he understood the necessity of filing an answer he would have employed an attorney to do so; that because of his failure to appear and to file an answer, the court had rendered an excessive and unconscionable default judgment against him and that he was without means or ability to pay the same; that the only property he owns is a small home of uncertain value, the title of which the parties hold as an estate by the entirety; that he had a meritorious defense to said suit; and prayed that the decree be set aside. Attached to the motion was an affidavit signed by the defendant supporting the allegations of the motion.

On August 13th (within 30 days after judgment), the Hon. Joe W. McQueen, Judge of Division 6, and on that date, Presiding Judge of the Circuit Court of Jackson County, designated himself "to sit in Division No. 8 for the purpose of making certain orders in this cause for Judge Paul A. Buzard, who is on vacation". Judge McQueen entered the following order: "Now on this day defendant files affidavit. It is ordered by the court that the decree of divorce and the orders and judgment thereon, be and the same are hereby set aside and for naught held, at the cost of said defendant. * * *" Plaintiff filed a notice of appeal from this order.

Because of the views hereinafter expressed, we need not, *at this time*, discuss and decide the questions raised in the briefs.

■■ It is our conclusion that this appeal is premature because, under the state of the record, the appeal will not lie from the order setting aside the default judgment. It is uniformly held that the right

of appeal is statutory, and if not expressly authorized by statute, the appeal must be dismissed.

Section 512.020 RSMo 1949, V.A.M.S. designates who may appeal and from what judgments and orders an appeal will lie. The section reads: "Any party to a suit aggrieved by any judgment of any trial court in any civil cause from which an appeal is not prohibited by the constitution, nor clearly limited in special statutory proceedings, may take his appeal to a court having appellate jurisdiction from any order granting a new trial, or order refusing to revoke, modify, or change an interlocutory order appointing a receiver or receivers, or dissolving an injunction, or from any interlocutory judgments in actions of partition which determine the rights of the parties, or from any final judgment in the case or from any special order after final judgment in the cause; but a failure to appeal from any action or decision of the court before final judgment shall not prejudice the right of the party so failing to have the action of the trial court reviewed on appeal taken from the final judgment in the case."

This statute has remained substantially the same since 1891, and many cases have held that an appeal will not lie from an order of the court setting aside a default judgment. In the early case of Crossland v. Admire, 118 Mo. 87, 24 S.W. 154, 155, the court discusses this statute and holds that the setting aside of the default judgment is not an "'order granting a new trial'", and an appeal cannot be based on the quoted language.

■ In Bussiere's Administrator v. Sayman, 257 Mo. 303, 165 S.W. 796, 797, the court en banc searchingly analyzed this statute, and many decisions, and held that an appeal from an order setting aside a default judgment was premature and should be dismissed. The court also discussed the clause of the section which provides that an appeal may be taken "from any special order after final judgment in the cause;" and held that such language did not author-

ize an appeal from an order *setting aside a default judgment,* but would authorize an appeal from an order *refusing to set aside* such a judgment. This for the reason, 257 Mo. 311, 165 S.W. 799, "It needs no argument or discussion to demonstrate that since a defendant, when he fails to get favorable action on his motion to vacate a judgment by default, has reached the last ditch, then unless an appeal lies to him the judgment as to him is absolutely a 'final judgment in the case' ".

The holding in the Bussiere case was reviewed and approved in State ex rel. Johnson v. Arnold, 317 Mo. 858, 297 S.W. 59.

Because the opinion in the Bussiere case so fully states the reasons for the rule we will not extend this opinion by rehashing them. However, we will cite a few other cases which announce the same doctrine. Barkwell v. Carlisle, Mo.App., 231 S.W. 1063; Stanton v. Hanna, Mo.Sup., 199 S. W. 145; Holder v. Chidister, 177 Mo.App. 415, 162 S.W. 762, affirmed by Supreme Court in 193 S.W. 568; Badger Lumber Co. v. Boswell, 180 Mo.App. 180, 183, 167 S.W. 1141; Carter v. Levy, Mo.App., 217 S. W. 549; Case v. Smith, 215 Mo.App. 621, 257 S.W. 148; McCormick v. St. John, 236 Mo.App. 72, 149 S.W.2d 894.

It must be kept in mind that we are not discussing a situation where the question is raised by a motion partaking of a writ of error *coram nobis,* because such a proceeding is in the nature of an independent action. Cases holding that an appeal will lie from an order sustaining or overruling such a motion are not applicable. The motion in the instant case cannot be considered as such a motion or as a motion for new trial. The most that may be said in its behalf is that it is a suggestion to the court, and may be considered as such to aid the court in exercising its discretion in the matter. Mid-States Equipment Corp. v. Hobart Welders Sales & Service, Inc., Mo.App., 233 S.W.2d 757, 758 (citing many cases).

We said at the beginning of this opinion that we were not deciding the ques-

tions presented in the briefs, *at this time.* That statement was made because we had concluded that the appeal was premature. However, as pointed out in several of the cases, and particularly Stanton v. Hanna, supra, if the plaintiff is defeated in another trial and properly preserves such questions, then they may be presented on an appeal from the final judgment.

The present appeal is premature and should be dismissed. It is so ordered.

BROADDUS, J., anud ROSE, Special Judge, concur.

DEW, P. J., not sitting.