**Anna FARRELL, Plaintiff-Appellant,**

**v.**

**Lawrence DeCLUE and Texflame Gas Corporation, Defendants-Respondents.**

**No. 31757.**

St. Louis Court of Appeals.

Missouri.

Sept. 28, 1964.

Motion for Rehearing or to Transfer to Supreme Court Denied Oct. 26, 1964.

Roberts & Roberts, Raymond R. Roberts, Farmington, for plaintiff-appellant.

Smith & Colson, David L. Colson, Farmington, for defendants-respondents.

BRADY, Commissioner.

This appeal arises after the second trial of this cause. The determinative issue is whether the plaintiff can appeal alleging the trial court prejudicially erred when it set aside the original judgment which had been rendered upon defendants' default.

The facts are not in dispute. Plaintiff filed her petition praying for damages in the amount of $10,000.00. Personal service was had on each of the defendants. When the defendants were fourteen days in default, the trial court heard the plaintiff's case, a jury having been waived. Evidence was heard and the court awarded judgment that same day, January 10, 1962, for plaintiff in the sum of $9,000.00. On January 24 of that year, fourteen days after the rendition of this judgment, the defendants filed a motion " * * * to set Aside the Verdict and Judgment Entered Thereon and to Grant Each Defendant a New Trial." This motion was not verified; neither was it accompanied by affidavit nor was testimony offered in support of the motion. The grounds for this motion are set out in Farrell v. DeClue, Mo.App., 365 S.W.2d 68, l. c. 70. On March 10, 59 days after rendition of the judgment, the trial court entered its order granting the defendants a new trial but giving no reasons therefor. The plaintiff filed her notice of appeal two days later and served respondents with a notice calling upon them to file the original brief in that appeal. On March 15, 1962, the trial court entered its order "nunc pro tunc" in which it stated that the order granting defendants a new trial should be "amended and corrected" to give reasons

for that action. On March 20 the defendants filed joint answers to the plaintiff's petition. Two days after this action the plaintiff filed a motion to set aside the court's "nunc pro tunc" order and when this was overruled, the plaintiff appealed. By opinion dated February 19, 1963, Farrell v. DeClue, supra, this court held that the so-called "nunc pro tunc" order was a nullity and that plaintiff's appeal from the order of March 10, 1962, setting aside the default judgment was premature.

Trial was had on September 17, 1963. Before this trial began and at every stage in the proceedings the plaintiff carefully preserved her objections to the trial. This she did by filing a motion to strike defendants' answers prior to setting the case and when this was overruled, by announcing ready subject to the matters stated in that motion; by moving at the close of her evidence that the court enter a directed verdict in accordance with the judgment of January 10, 1962, or for an alternative order preventing the defendants from introducing evidence; and at the close of defendants' case by again moving for a judgment in accordance with that entered January 10 and later set aside. All of these motions were denied. The jury returned a verdict for the plaintiff and against both defendants in the sum of $2,500.00 and judgment was entered in that amount. The plaintiff then filed her timely motion requesting the court to set aside the verdict and judgment for $2,500.00 and to issue execution on the $9,000.00 judgment. This motion was denied and the plaintiff perfected her appeal.

In its pertinent parts, § 512.020 RSMo 1959, V.A.M.S., provides that any party to a civil action who is *"aggrieved"* by any judgment entered therein may appeal from certain specified orders of the trial court including " * * * any special order after final judgment in the cause."

The defendant advances several arguments to support the contention that the plaintiff is not "aggrieved" within the mean-

ing of § 512.020, supra. He points to the fact that there was no "unreasonable" delay in getting to trial before a jury; that the plaintiff does not raise any contention of prejudicial error in respect to that trial; and that plaintiff could have gotten a judgment larger than $9,000.00 before the jury. In essence, however, the defendants' argument is based upon the remarks of Faris, J. in the Bussiere case, Bussiere's Adm'r. v. Sayman, 257 Mo. 303, 165 S.W. 796, 1. c. 800. There it was stated that it was unnecessary for the plaintiff in that case to "rush" to appeal from an order setting aside a default judgment because he had two remedies. The first was to stand mute when the case was called and appeal the resultant dismissal. The second was to preserve his point and appeal " * * * if he lost the whole case." The defendant's basic position is that when the plaintiff elected not to stand mute and appeal a resultant dismissal she agreed to abide by the decision of that trial and could only be considered aggrieved if she lost the whole case.

The plaintiff points out that she has lost $6,500.00 of a judgment which was validly rendered and final in the sense that, as this court held in Farrell v. DeClue, supra, the motion to set aside the default judgment was not a motion for new trial; that she was thereupon entitled to execution except for the trial court's prejudicially erroneous action in setting the judgment aside; that she is still without compensation for her injuries some two years and eight months later (at the date of this opinion); and that the second trial cost her additional expense. The essence of her argument is that the only logical difference between being "aggrieved" by the loss of the entire judgment and the loss of $6,500.00 of it is one of degree. The plaintiff argues that she may have been more aggrieved if she had lost it all, but she is still aggrieved when she loses $6,500.00 of her judgment.

Some questions of law seem to have an almost homing pigeon instinct. Thus, it is that this court has been repeatedly involved

in the development of the law in this jurisdiction on the question of whether an appeal will lie from an order setting aside a judgment rendered upon default. The case law upon this question began with Crossland v. Admire, 118 Mo. 87, 24 S.W. 154, decided by our Supreme Court in 1893. In that case the Supreme Court of this state dismissed an appeal from an order setting aside a default judgment on the ground that such an order was not an order granting a new trial. It based that conclusion upon its finding that a "trial" is had for the determination of the issues found by the pleadings. At l. c. 91, 24 S.W. at l. c. 154, in the official report the court stated: "Issues are made under the Code, as well as at common law, by the pleadings. In case of default in pleading, there can be no issues to be tried, and no 'trial' can be had within the meaning of the term as given in the books, and as understood by the profession." It followed, the court held, that where there had been no trial there could be no new trial and therefore an order setting aside a judgment rendered upon default was not an order granting a new trial and no appeal would lie.

The view of this court that an appeal should lie under such circumstances was first expressed in Bussiere v. Sayman, 171 Mo.App. 11, 153 S.W. 507. In an obvious effort to give the Supreme Court grounds upon which it could distinguish Crossland and thus avoid what this court felt was an inequitable result, the opinion of this court in Bussiere pointed out that when ruling Crossland the Supreme Court did not consider or even mention that provision of our statute dealing with appeals from any special order after final judgment. However, the opinion of this court did recognize that this provision of our statute was in force when Crossland was decided and while it was not discussed, must be taken as having been considered by the court when deciding Crossland. The case was ordered certified to the Supreme Court on the ground that if Crossland was to rule the issue then our opinion would be in conflict with that rendered by the Kansas City Court of Appeals in Miller v. Crawford, 140 Mo.App. 711, 126 S.W. 984. In the resultant opinion, Bussiere's Adm'r. v. Sayman, 257 Mo. 303, 165 S.W. 796, the Miller case was specifically overruled, the Crossland case affirmed, and that provision of our statute dealing with appeals from any special order entered after judgment was held not to permit an appeal from an order setting aside a judgment entered upon default.

We pass next to an opinion in the instant case when it first reached our court. (See Farrell v. DeClue, supra, and specifically the cases cited in footnotes 1 and 2 at page 74 of 365 S.W.2d for a reference to those cases bearing upon this issue and handed down after the Supreme Court's opinion in Bussiere.) The first time the instant case reached us the plaintiff urged that the so-called nunc pro tunc order of March 15, 1962 "amending and correcting" the order of January 10, so as to include the court's reasons for granting the defendant's motion to set aside was a nullity. We so held. The plaintiff also contended that the defendant's motion to set aside the judgment did not prove itself and in the admitted absence of any proof to support the motion the trial court abused its discretion in setting aside the judgment rendered upon default. We also approved this contention citing Gorzel v. Orlamander, Mo., 352 S.W. 2d 675, and O'Connell v. Dockery, Mo.App., 102 S.W.2d 748. However, bound by the Supreme Court's decision in Bussiere, we held plaintiff's appeal premature recognizing as we did so that should the judgment finally rendered be less than $9,000.00 we would then be faced with the necessity of deciding whether the plaintiff was aggrieved within the meaning of § 512.020, supra, and could appeal. The situation we thus anticipated has now come into being. It should here be noted that in Farrell v. DeClue, supra, we held the trial court committed reversible error by abusing its discretion in setting aside the default judgment without any proof to support that action. The defendant does not deny the trial court's ac-

tion constituted reversible error but contends that since the matter cannot be appealed, the plaintiff must resign herself to the illogical position of being unable to seek redress from an admittedly prejudicial error.

So far as the Bussiere case is concerned, we are convinced the words of Faris, J. upon which the defendants rely do not compel a decision in their favor under the facts of the instant case. We believe a careful reading of the opinion in that case will lead to the inescapable conclusion that the words "* * * if he lost the whole case * *" were inadvertently substituted for the words "if he was aggrieved" and should be read with that interpretation. To hold otherwise would cast serious doubts upon the validity of any judgment rendered upon default. All that would be required to set aside such a judgment is the error of the trial court as was here committed. Once that error is committed even where the second trial results in a verdict less in amount than that first awarded, the party against whom the error is committed is denied redress. If we were to adopt the defendants' position, then the degree by which the verdicts varied would be unimportant for under that interpretation even if the plaintiff in this case had been awarded one dollar in the second trial, she would not be considered as "aggrieved." This hypothesization is extreme but graphically illustrates the weakness of defendants' argument.

There is another reason why the plaintiff should be considered to be an "aggrieved" party within the meaning of § 512.020, supra. The appellate courts of this state have repeatedly held that a plaintiff who recovers a judgment for only a small fraction of the amount sued for is an aggrieved party within the meaning of § 512.020, supra, and may appeal. See Boland v. Dehn, Mo.App., 348 S.W.2d 603, and cases cited at l. c. [2, 3], p. 604. If the difference between the judgment given and the amount sued for renders one "aggrieved", why should the difference between these two judgments not do the same?

Webster's Third New International Dictionary defines the word "aggrieved" as "suffering from an infringement or denial of legal rights." It is in that sense the word was used by the legislature in § 512.020, supra. Certainly an action which has been repeatedly held to constitute reversible error is one which infringes or denies the legal rights of the party against whom the action was taken. Otherwise the plaintiff could never seek redress for the conceded infringement or denial of her legal rights which took place when the trial court abused its discretion by setting aside the default judgment without any proof to support the motion. Farrell v. DeClue, supra; Gorzel v. Orlamander, supra; O'Connell v. Dickery, supra. This fact should be considered along with the pecuniary loss suffered by the plaintiff both in the diminution of the amount of the judgment as well as the loss of use of the money for the period of time it has taken to correct the trial court's action. We think it clear the plaintiff was "aggrieved" as that word is used in § 512.020, supra, and entitled to bring this appeal. The judgment should be reversed for the reason that the trial court prejudicially erred by abusing its discretion in sustaining the defendants' motion to set aside the default judgment rendered January 10, 1962, thereby rendering the plaintiff "aggrieved" within the meaning of § 512.020, supra. This cause should be remanded to the trial court with instructions to set aside the judgment of $2,500.00 in plaintiff's favor and to reinstate the judgment of January 10, 1962. The Commissioner so recommends.

PER CURIAM.

The foregoing opinion of BRADY, C., is adopted as the opinion of this court. The judgment is reversed and cause remanded to the trial court with instructions.

RUDDY, P. J., WOLFE, J., and JAMES D. CLEMENS, Special Judge, concur.

ANDERSON, J., not participating.